LEGGETT, Sheriff, *v.* VANNISON.

(Division A. June 11, 1923.)

[96 South. 518. No. 23642.]

HABEAS CORPUS. *Chancellor without authority in habeas corpus proceeding to admit person convicted of felony to bail pending appeal; power to admit person convicted of felony to bail pending appeal lodged in circuit and supreme courts and judges thereof.*

A chancellor has no authority in a *habeas corpus* proceeding to admit a person convicted of a felony to bail pending an appeal by him from the conviction of the felony to the supreme court, that power under chapter 217, sections 1, 2, Laws of 1916 (Hemingway's Code, sections 43 and 44), being lodged in the circuit and supreme courts and the judges thereof.

APPEAL from chancery court of Pike county.

HON. R. W. CUTRER, Chancellor.

*Habeas corpus* by Harvey Vannison against W. W. Leggett, Sheriff, for the reduction of petitioner's bail bond after a conviction of manslaughter. The chancellor reduced the bond, which defendant furnished, and was released. On motion to set aside the order of the chancellor, reducing the bond, and to enter an order directing the issuance by the clerk below of the process necessary for petitioner's arrest. Motion sustained.

*S. C. Broom,* Assistant Attorney General, for the State.

Section 67 of the Code of 1906, governing release on bail was amended in section 43 of Hemingway's Code. We earnestly submit that neither the original section, nor the amended one, confers the right upon the chancery court to fix bail in a case of this kind. *Hill* v. *State,* 64 Miss. 431, 1 So. 494; *Marley* v. *State,* 109 Miss. 170.

This case is fully controlled by the rule laid down in the case of *Marley* v. *State,* 109 Miss. 170, 68 So. 770. It will be observed that appellee herein had not exhausted the remedy in our court of law. No application was made to the circuit court for a reduction in the amount of the bond. Had such an application been made and the same refused, then it could have been appealed to this court when this court was in session, or any member of it in vacation could have heard and considered the cause for the reduction of the bond. The chancery court is a court of original jurisdiction. It is not an appellate court at any time or under any curcumstances. The jurisdiction of the chancery court is fixed by the constitution, section 159, 160, 161, and 162.

In *Bank* v. *Duncan,* 52 Miss. 740; *Georgia Railroad* v. *Brooks,* 66 Miss. 583, 6 So. 467, and *Eyrich* v. *Bank,* 67 Miss. 60, 6 So. 615, it was held that the term "full jurisdiction" indicates that where a court takes hold of a subject it ought to dispose of it fully and finally. In this case the circuit court had full and complete jurisdiction and exercised it.

We, therefore, respectfully submit that the order of the chancellor should be set aside.

*Thomas Mitchell,* for appellant.

It is perfectly plain that the constitutional provision and the *habeas corpus* acts do not apply to persons convicted of felony. Therefore, section 29, constitution of 1890 has no application to the case at bar. See *Ex parte Dyson,* 25 Miss. 356; *Hill* v. *State,* 64 Miss. 431.

It must be remembered, however, that a cardinal rule of construction of statutes is that the entire legislation on the subject, its policy and reason, as well as the text of the particular act must be looked to. *Adams* v. *Yazoo Railroad Company,* 75 Miss. 275. It is an elementary rule of construction that one part of a statute is called in to help in the construction of another part and they are to be so expounded as to support and give effect to the whole. *Swan* v. *Buck,* 40 Miss. 268, cited in *Miller* v. *Palmer,* 55 Miss. 348; *Smith* v. *People,* 47 N. Y. 330; *United States* v. *Freeman,* 3 How. (U. S. Rep.) 556; *Yazoo & M. V. Railroad Co.* v. *Thomas,* 132 U. S. 174; *United States* v. *Philbrick,* 120 U. S. 52. In the light of these rules it is unreasonable to assume that the legislature meant to reverse the policy of our state and the reason of the rule heretofore existing. Was this legislation designed to overturn the controlling principles of the *Dyson* and *Hill cases, supra?* It has always been the rule in Mississippi, that where a party is entitled to bail after conviction of felony and after considering the circumstances and the intervention of a new situation, that bail has been fixed by the trial court, the circuit judge or the supreme court of this state.

It is silly to assume that all distinction between a court of chancery and a circuit court is abolished; manifestly the chancellor has no jurisdiction of crime and certainly it is not meant that he shall review the action of the trial court and release men who have been convicted of felony in a court of competent jurisdiction. This seems to be settled by the announcement of this court in the *Marley case,* 109 Miss. 169. See also *Ex parte Woodson Atkinson,* 101 Miss. 744; *Winegarden* v. *Straw,* 87 Miss. 264; *Ex parte B. F. Prewitt,* 106 Miss. 62; *Smith* v. *Peoples,* 47 N. Y. 330; *United States* v. *Freeman,* 3 How. (U. S.) 556; *Yazoo & M. V. R. Co.* v. *Thomas,* 120 U. S. 52; and *United States* v. *Philbrick,* 120 U. S. 52.

*E. G. Williams,* for appellee.

The case of *Marley* v. *State,* 109 Miss. 170, 68 So. 770, relied on by counsel is not applicable to the case at bar, for that particular case had reference to a person, who was released on petition for writ of *habeas corpus* by the circuit judge of the eleventh district, when, as a matter of fact, he had been tried and convicted by a circuit judge in the eighteenth judicial district of the state of Mississippi, and section 67 of the Code of 1906, which was in full force and effect, and the law of the land at that particular time specifically provided that "a person convicted of felony could only be admitted to bail" by four different tribunals; first, the supreme court when in session; second, a judge of the supreme court during a vacation thereof; third, a judge who presided at the conviction; and fourth, a judge of the district in which the conviction was had.

We submit that section 67 of the Code of 1906, as amended by chapter 217 of the Laws of 1916, has never been before this court for interpretation. We submit that of the six crimes therein mentioned, namely treason, murder, rape, arson, burglary, and robbery, no person convicted therefor is entitled to be released from imprisonment, pending an appeal to the supreme court, save and except it is so ordered by the court in which conviction was had, or by the supreme court, or by the judge who presided at the conviction, or the judge of the district in which conviction was had, or a judge of the supreme court in vacation.

The court will observe by a careful and painstaking reading of this amended section that it is not imperatively necessary even where a party was convicted of felony of any of the six felonies enumerated *supra,* that the trial judge take the exclusive jurisdiction of granting bail, for after the phrase "or the judge who presided at the conviction," there appears the following, "or the judge of the district in which conviction was had."

The court will no doubt take cognizance of the fact that there are no two circuit judges in the same circuit

court district in the state of Mississippi; then, we earnestly contend and submit that the legislature in the making of his particular amendment intended that even where a person was convicted of any of the hereinabove-mentioned felonies, that a chancery judge was clothed with full authority to release in that particular case; otherwise, that particular part of the language therein used is meaningless.

In construing statutes the court has held, "In the construction of statutes the intention of the legislature is the cardinal rule of construction." *Planters Bank* v. *State,* 6 S. & M. 628; *Grand Gulf Bank* v. *Archer,* 8 S. & M. 151; *Green* v. *Weller,* 32 Miss. 650; *Ingram* v. *Speed,* 30 Miss. 410; *Read* v. *Manning,* 30 Miss. 308; *Olive* v. *Walton,* 33 Miss. 103.

"The courts will look to the intention of the legislature and the design of a statute and construe it according to its spirit, although this may, in some measure, conflict with its letter." *Painter* v. *Trotter,* 10 S. & M. 537; *Mitchell* v. *Wood,* 47 Miss. 237; *Witherspoon* v. *Blewitt,* 47 Miss. 570; *Board of Education* v. *Mobile, etc., R. R. Co.,* 72 Miss. 236, 16 So. 489; *Logan* v. *State,* 53 Miss. 431; *Briscoe* v. *Anketell,* 28 Miss. 361, 61 Am. Dec. 553; *State* v. *Wheatly,* 113 Miss. 555, 74 So. 427; *Easterling Lumber Co.* v. *Pierce,* 106 Miss. 672, 64 So. 461; *Kennington* v. *Hemingway,* 101 Miss. 259, 57 So. 809, 39 L. R. A. 541; Ann. Cas. 1914 B, 392; *Abbott* v. *State,* 106 Miss. 340, 63 So. 667; *Holly Springs* v. *Marshall,* 104 Miss. 752, 61 So. 703; *Prather* v. *Googe,* 108 Miss. 670, 67 So. 157; *McKenzie* v. *Boykin,* 111 Miss. 256, 71 So. 382.

We therefore respectfully submit that the proper construction of the amended statute should be that any circuit, chancery, or supreme court judge, would have as a matter of right full authority to hear a petition for writ of *habeas corpus,* and grant bail to anyone convicted of a felony, except the six particular felonies above enumerated, and that the chancellor in this particular instance

was clothed with such authority, and that the order as made reducing the bond is perfectly legal and valid.

SMITH, C. J., delivered the opinion of the court.

The appellee was convicted of manslaughter in the circuit court of Pike county and having appealed to the supreme court was granted bail pending the appeal by the court in which he was convicted in the sum of seven thousand, five hundred dollars. He thereafter sued out a writ of *habeas corpus* before the chancellor of the district, who on the hearing thereof entered an order reducing the appellee's bail bond to one thousand, five hundred dollars, which he seems to have given and been released. The sheriff has appealed to this court.

The appellant now moves the court: "To set aside the order of the chancellor reducing the bond of appellee herein from the sum of seven thousand, five hundred dollars to one thousand, fiven hundred dollars, and to enter an order directing the issuance by the clerk of the court below of process necessary for appellee's arrest."

Section 2, chapter 217, Laws of 1916 (Hemingway's Code, section 44), which provides that:

"A person convicted of a felony, except those enumerated in section 1 (section 43) of this act, shall be entitled to be released from imprisonment on bail pending an appeal to the supreme court,"—does not designate the judge or court by which the amount of the bail shall be fixed, but when it is considered in connection with the preceding and two subsequent sections—that is, with sections 1 and 3, chapter 217, Laws of 1916 (Hemingway's Code, sections 43 and 45), and section 68, Code of 1906 (Hemingway's Code, section 46)—it is clear that that power is vested in the circuit and supreme courts and the judges thereof. Consequently the court below was without the power to interfere with the action of the circuit court in fixing the amount of the appellee's bail. *Marley* v. *State,* 109 Miss. 169, 68 So. 75, 770. In the Marley case

a motion was made in the appeal from the conviction, and not in an appeal from the order entered in the *habeas corpus* proceeding, and the motion here should properly have been so made, but no objection on that score has been raised by the appellee. Had it been raised, however, it would, of course, have profited him very little, because an order directing the clerk of the court below to issue a *capias* for the appellee's arrest would then have been made in the main case.

The motion, in so far as it prays for an order directing the clerk of the court below to issue a *capias,* will be sustained.

*Motion sustained.*