RODGERS, Presiding Justice
(specially concurring).
I concur with our opinion in this case, and, although the issue is not raised in the trial court, I am constrained to point out that a habeas corpus court is a special court and may be presided over by a circuit judge, a chancellor or a justice of the Supreme Court, Section 2818, Mississippi Code 1942 Annotated (1956). This does not mean, however, that the judge of the habeas corpus court may hear other matters not a part of a habeas corpus proceeding. The proceedings in a habeas corpus court are circumscribed by Sections 2831 and 2832, Mississippi Code 1942 Annotated (1956).
We said in Talley v. Womack, 249 Miss. 773, 777, 163 So.2d 742, 744 (1964):
“This Court has repeatedly held that a habeas corpus proceeding is brought in a special court convened to try a single cause and when a final judgment is rendered its functions and powers wholly cease.”
We pointed out in Fulton v. Fulton, 218 So.2d 866 (Miss. 1969) that a chancellor had no authority to go into the modifica *300 tion of a decree rendered in the chancery court although he was the chancellor of that court. See. Leggett v. Vannison, 133 Miss. 22, 96 So. 518 (1923).
This rule is not unique with us. It is generally accepted by other state courts. See: 116 A.L.R. 699 (1938).
The erroneous theory that a chancellor may bring other matters into a habeas corpus proceeding must lead not only to confusion but to error. For that reason, I feel constrained to bring this rule of law to the attention of the judges selected to hear habeas corpus proceedings.