J. K. PATTERSON, JR., v. THE STATE.

1. HABEAS CORPUS. *Place of hearing. Code 1892, § 2237, directory.*

Section 2237, code 1892, providing that the writ of *habeas corpus* in criminal cases shall be returnable within the county where the crime was committed, unless it interferes with the holding of a term of court by the judge or chancellor granting it, is directory and not jurisdictional, and is to be confined to cases in which the merits are to be gone into and witnesses examined as to the legality of the detention.

2. SAME. *Relator's ill health. Hearing at place of confinement.*

Where one charged with murder is confined in the jail of a different county from that in which the homicide occurred, and he resorts to *habeas corpus* to obtain bail because of ill health, the hearing may, and in case of his dangerous illness should, be in the county of his confinement.

APPEAL from an order of the HON. W. P. CASSEDY, Judge, in a *habeas corpus* case.

Appellant, in his petition, alleged that he had been indicted in Simpson county, in the eighth district, for murder; that, after being so indicted, he was arrested and confined in the jail of said county, and that, upon a writ of *habeas corpus,* wherein the merits of his case were investigated, he had been denied bail; that, upon his own request, he was, by order of the circuit judge, removed to the jail of Copiah county, in the seventh district, where he is now confined to answer said charge; that, since the hearing on the former writ of *habeas corpus,* his health had become seriously impaired, so that longer confinement endangered his life. Thereupon, he prayed for a writ of *habeas corpus,* returnable at Hazlehurst, in Copiah county, where he was confined, in order that there might be a hearing as to the condition of his health, and that he might be granted bail. This petition was presented to the Hon. J. B. Chrisman, judge of the seventh district, who indorsed thereon his fiat, directing the issuance of the writ, to be heard at Hazlehurst, and, because of his illness, it was ordered that the writ should be returnable before the Hon. W. P. Cassedy, judge of the sixth district. The writ was issued, returnable as directed. At the time and place fixed for the hearing, the Hon. W. P. Cassedy appeared, and, the relator being brought before him, the district attorney, representing the state, appeared and moved to dismiss the *habeas corpus* proceedings on the following grounds: (1) Because the judge of the sixth district, being out of his district, had no jurisdiction, the petition not showing any good cause why the judge or chancellor of the seventh district should not try the case. (2) Because the relator was held for an offense committed in Simpson county, and the writ should have been returnable in that county.

This motion was sustained, and the petition dismissed. Relator appeals.

*Robert Lowry,* for appellant.

This case does not involve the merits of the criminal charge

against the relator.    The application is made solely upon the
ground of his ill health, and the hearing, of necessity, should
be at the place of his confinement.    Section 2237, code 1892,
has no application.    It applies only to cases where the merits
of the charge are involved.    It is discretionary with the judge
or chancellor granting the writ, in cases like this, to direct the
hearing to be made at the place of confinement, and this
would have to be done where the relator is dangerously ill.

*Frank Johnston*, attorney-general, for the state.

Section 2237, code 1892, provides that in criminal cases the
judge granting the writ of *habeas corpus* shall make it re-
turnable at a convenient place in the county in which the
offense is alleged to have been committed, unless so doing
will interfere with his holding of a term of court.    The rule
is that the writ must be heard in the county where the crime
was committed, and the only exception is where the holding
of a term of court would be interfered with.    The present
case does not fall within the exception.

The above section of the code embraces all *habeas corpus*
proceedings in criminal cases, and includes the class to
which the present case belongs.    There may be stronger
reason for the application of the statutory rule where the
merits of the case are involved, but this cannot limit the
operation of the statute or destroy the force of its plain terms.

Even in cases where bail is asked on the ground of the
prisoner's ill health, the circumstances of the homicide are
proper to be reviewed, as being incidentally involved in the
determination of the matter of bail.    The degree of culpa-
bility, the character of the crime, and all the circumstances
are to be taken into consideration.

Woods, J., delivered the opinion of the court.

The construction of § 2237, code of 1892, made by the
learned judge who declined to hear the relator's petition on
its merits, was too literal, and, consequently, too narrow.

This section is directory merely, and not jurisdictional. It seems clear to us that its application is to be confined to cases on *habeas corpus* in which the merits are to be gone into and an examination of witnesses had as to the legality of the relator's detention. It is framed with reference to convenience—the convenience of the state, the relator and the witnesses. It was not designed to cover cases like the one at bar, where the dangerous ill health of the prisoner is the sole ground on which the application rests. The convenience of the state, the prisoner and the witnesses (almost necessarily medical men residing at the place of the prisoner's confinement) will be secured by a hearing at the place of detention. Indeed, any other course might be impracticable. If the prisoner were really dangerously ill, his removal to another county would, in most cases, result in his death, and this we are not to suppose the law contemplates.

We repeat, the statute is directory only, and not jurisdictional, and the power and authority of the circuit judge to hear the application in Copiah county were complete.

*Reversed.*