Inez I. McLeod *v.* Clifford C. McLeod.

[42 South. Rep., 873.]

1. Habeas Corpus. *Issuance. Return of writ. Not to run out of judge's district. Code* 1892, § 2448.

   Code 1892, § 2448, providing that a writ of *habeas corpus* may be granted by any judge or chancellor, returnable before himself or any other judge, does not authorize the issuance of a writ to be served in another district returnable before the judge granting it.

2. Same.

   Where a circuit judge or chancellor issues a writ of *habeas corpus* to be served in a district other than his own, it must be made returnable before a judge or chancellor of the other district, and not before himself.

From the judgment of Hon. Moyse H. Wilkinson, circuit judge of the sixth district, sitting in vacation for the hearing of a writ of *habeas corpus* at Woodville, Wilkinson county.

Mr. McLeod, the appellee, was plaintiff in the court below; Mrs. McLeod, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The suit was begun by a petition for a writ of *habeas corpus* filed by Clifford C. McLeod, a resident of Wilkinson county, in the sixth judicial circuit court district, against his wife, to recover the custody of their child. Judge Wilkinson, of that district, caused the writ to be issued to the sheriff of Harrison county, in the second judicial circuit court district, where Mrs. McLeod had temporarily taken up her abode, and where the child was being held by her at the time of the institution of the proceedings. The writ was made returnable before Judge Wilkinson, who granted it, in Wilkinson county. At the hearing the defendant appeared and moved to dismiss the petition or transfer the cause to the judge or chancellor for the district in which Harrison county is situated. The motion

was overruled and the case tried upon its merits and decided
for the appellee.

*Shannon & Jones,* for appellant.

In the first place, we insist that the learned judge of
the sixth district had no right to issue the writ or try the same.
By Code 1892, § 2230, the application must be made to the
judge or chancellor of the district where the relator is impris-
oned, unless good cause be shown in the petition to the contrary.

If it be even insisted that there is so much as an attempt
to assign a cause to the contrary, that cause cannot be found
in the petition, unless it be referred to the convenience of wit-
nesses—no cause whatever why the application was not made
to the judge or chancellor of the district. Manifestly the cause
applies to the application and that only. The learned judge
could as easily issue a writ of Tishomingo county as to Har-
rison, and making it returnable to Wilkinson county. The
convenience of witnesses does not make a cause why the appli-
cation for a writ of *habeas corpus* should be made to any other
judge than the one of the district where the person deprived of
his liberty is.

The cause to the contrary, having reference as it does to the
application only, must be a cause such as affects the application
only, such as the absence of any judge from the proper district
at the time, the interest of the judges of the district, or the
urgent necessity for the immediate issuance and execution of
the writ in cases where there might be danger of a prisoner
being spirited away. We insist that everything about it shows
a sort of careless indifference and inattention to the require-
ments of the law. There is not the scintilla of a pretense in the
petition or record of an attempt to bring this case within the
provisions of sec. 2235 of the code of 1892, under which the
sheriff may be required to take charge of the person and bring
him forthwith before the judge. Yet he is ordered to take this

child into possession and bring it before the judge out of the sheriff's county about seven weeks after the issuance of the writ. A more careless indifference and rough-shod riding down of the law could scarcely be found, and it seems to have pursued the case to a finish.

*Green & Green,* on the same side.

The territorial limitation of the jurisdiction of judges of the circuit court cannot be challenged (Code 1906, § 689). He is "appointed for and from each district." The proposition involved is that the judge of the sixth circuit court district has no jurisdiction to try a case which arises in the second district. If, as contended by counsel, the *habeas corpus* chapter was silent as to where writs were returnable, then sec. 707 would require venue to be in the county where the defendant was found, and in *State* v. *Oil Co.,* 79 Miss., 203 (s.c., 30 South. Rep., 609), the judgment of the circuit court, which held that a suit could not be impetrated under the trust and combine act in a district other than where the defendant resided, was affirmed.

The absence of authority of the judge to try the case, and the question of venue of the case, are both territorial limitations and cannot be violated. *Ex parte Hickey,* 4 Smed. & M., 759, was a case in which the circuit judge himself was interested, and hence the writ was made returnable before Justice Thatcher of the high court of errors and appeals in the court-room at Jackson. The jurisdiction of the judges of the high court of errors and appeals and the statute (Hutchinson's Code, 791) expressly authorized the writ of *habeas corpus* to be made returnable to the supreme court, and hence the territorial limitation did not exist.

*Bramlette & Tucker,* and *McWillie & Thompson,* for appellee.

The merits of the case manifestly are with appellee and we pass to the mere matter of procedure so much, if not alone,

counted upon by appellant's counsel. *Habeas corpus* proceedings are *sui generis* and wholly depend upon statutes so far as concerns questions of jurisdiction and venue. We beg the court not to confuse matters of jurisdiction with matters of venue. Originally in Mississippi, the judges of the supreme court, the circuit court and the chancery court were authorized to grant writs of *habeas corpus* and to make them returnable immediately before themselves or the judge of any court of the state, at such time and place as the court or judge granting the writ might direct and appoint. Laws June 11, 1822; Hutchinson's Code, p. 199, § 1. It will be observed that there was no sort of limitation as to where the writs should be returnable, but the whole matter was left discretionary with the judges. See Code 1857, p. 365, § 1.

Every judge in the state had jurisdiction of a *habeas corpus* proceeding; no matter where in the state the defendant lived or where the crime was committed, he could hear it at any place he saw proper.

This being the law of the state, the legislature soon after the civil war passed an act empowering the jury in capital cases to determine whether the prisoner, if convicted, should suffer death or be imprisoned in the penitentiary for life. The constitution provided that bail should be granted as a matter of right in all cases except capital cases in which the proof was positive or the presumption great. Under this condition of the law, statutory and constitutional, the late Judge James M. Smylie, one of the most upright, honorable and able of all of our circuit judges, held that no case was necessarily a capital one, and therefore all criminal cases were bailable. In fact, this court so held at one time. See reference to *Ex Parte Bonelli* in Judge Chalmers' opinion in *Ex Parte Fortenberry,* 53 Miss., 428. It is true that the supreme court afterwards decided contrary to Judge Smylie's view on this question of bail, but while Judge Smylie alone of the judges was granting

bail to everybody, and before the supreme court decided to the
contrary, prisoners charged with murder in all parts of the state
applied to him for bail, although he was the judge of the south-
western district.  Many cases came to him from distant parts of
the state.

The history thus related caused a change by the legislature
in the law on the subject of *habeas corpus*.  The act of 1876,
Laws 1876, p. 21, first introduced the change.  It provided that
a writ of *habeas corpus* should be made returnable at the county
seat of the county where the offense was alleged to have been
committed.  A previous statute, however (Code 1871, § 1400),
had provided that the application should be presented to the
judge or chancellor of the district in which the relator is im-
prisoned unless good cause shall be shown in the petition for
the contrary.  Both statutes relate only to criminal cases.  The
relator now before the court is not imprisoned, and, in fact, no
feature of the law introduced by § 1400, Code 1871, has ap-
plication to this case.  The code section relates only to criminal
cases, and was intended to prevent parties charged with crime
from applying to judges believed to be liberal in granting bail
away from the place where the crime was committed.  It was
not jurisdictional, but merely directory.  These changes in the
law have been brought forward from time to time and are now
a part of the present code.  Not one of them relates to suits
for the custody of children.  Even in respect to criminal cases
the provision that *habeas corpus* writs shall be returnable with-
in the county where the crime was committed is merely direc-
tory and not jurisdictional.  *Patterson* v. *State,* 71 Miss., 675
(s.c., 15 South. Rep., 794).  Surely if the provision touching
the place of trial of one charged with crime when he sues out a
writ of *habeus corpus* is but directory and not jurisdictional
every other provision relating to the place of hearing in the chap-
ter on *habeus corpus* must be held to be directory and not juris-
dictional.

Nothing was further from the ideas of the great men and statesmen who originated and conferred upon the citizen the right of *habeas corpus* than to have that right limited by technical legislative rules on the subject of the place where the citizen unjustly imprisoned could be heard. There was no limitation at all in the original *habeas corpus* act and none in the laws of this state until after the abuses hereinbefore mentioned. Then, and for the first time, limitation was imposed on the place for hearing the writ, and the judge was restrained in fixing the place only in cases of persons accused of crime.

Judge Wilkinson had jurisdiction of the subject matter of the suit. That cannot be disputed. He had jurisdiction of the person of the parties. Mrs. McLeod produced the child, appeared before the judge and made a motion to change the venue or to dismiss the suit. She thereby recognized that the court had jurisdiction of her person.

Although a judge may have had no authority to issue a writ directed to a person holding another in custody beyond certain territorial limits, yet where he does issue the writ thus directed and the respondent obeys its mandate by producing into court the person detained, a plea that the court had no jurisdiction to issue the writ should be overruled and the cause of the detention inquired into; and where in a given instance a writ has been issued and the respondent has appeared at the time appointed, and a hearing is had, it will be presumed, nothing to the contrary appearing, that the person claiming to be illegally restrained of liberty was before the court at that time. *Simmons* v. *Georgia, etc., Co.,* 117 Ga., 305; 61 L. R. A., 739; 43 S. E. Rep., 780.

The court having ruled against appellant, she did not embody into the record the facts made to appear on the hearing of the motion, and upon which the court acted. Appellant's last known place of residence was in Wilkinson county. Her husband was shown never to have removed his citizenship therefrom. Noth-

ing appears contrary to the idea of the woman being a citizen of Wilkinson county except that at the time the writ was sued out she was then in Harrison county. Judge Wilkinson having jurisdiction both of the subject matter and the person of the parties to the suit, there is no question of jurisdiction before this court. We again cite the court to *Patterson* v. *State,* 71 Miss., 675. If there be any question before this court touching the propriety of Judge Wilkinson's action, it is a question not of jurisdiction but of venue. Many lawyers, we have observed, fail to draw the proper distinction between jurisdiction and venue, but this court will fully recognize it.

Looking at the matter as one of venue, there is no statute of this state which regulates the matter. The statute which provides that actions not local shall be brought in the circuit court of the county in which the defendant resides had no application. It relates to actions which are brought in the circuit court. We will say, however, that this section itself recognizes the distinction between jurisdiction and venue. It provides that when a resident citizen shall be sued in a county other than that of his household and residence, he may have a right to change the venue. It does not say that he can defeat jurisdiction or that the court has no jurisdiction. See last paragraph of sec. 707, code of 1906. Of course § 661, Code 1906, on the subject of the venue of suits in the chancery court, throws no light upon the question. An application to change the venue from one circuit judge to another is without warrant in this state, but if Mrs. McLeod had desired such a change in this case, she would have been compelled to show that Wilkinson county was not the county of her household and residence; but no such showing was made. In England, the court of king's bench, the court of chancery, the court of common pleas, the court of exchequer, and the judges of all of said courts, were authorized to grant writs of *habeas corpus,* and such writs being high prerogative writs, ran into any part of the king's domain, in-

cluding the channel islands, the colonies and other possessions, although they did not constitute a part of the realm of England. 15 Am. & Eng. Ency. L. (2d ed.), 132, 133.

See the case of *Ex Parte Hickey,* 4 Smed. & M., 751, wherein Hickey was imprisoned for contempt of court in Warren county, at Vicksburg. He petitioned Judge Thatcher, one of the judges of the high court of errors and appeals, for a writ of *habeas corpus,* which that judge granted, and he made it returnable at Jackson, in Hinds county, where he heard the case and decided it.

The code chapter on *habeas corpus* is a law unto itself. Great and evil consequences to the citizen may easily be imagined to follow if the power of the judges be curtailed. The judges ought to have all power, both in respect to the matter of granting the writ and of the time and place when the cause shall be heard. It is not improper for the legislature to give directions in such matters by passing directory statutes, but the great writ ought not to be minimized. As said by Judge Woods in this court in *Patterson* v. *State,* 71 Miss. (s.c., 15 South. Rep., 794), the statutes upon the subject of the place of hearing such writs are merely directory, even in criminal cases. The statute even does not apply to cases like the one now before the court.

The doctrine that where a special limited jurisdiction is conferred by statute on any tribunal its power to act must appear on the face of the proceeding, does not apply to proceedings in *habeas corpus. Deckard* v. *State,* 38 Md., 186.

Argued orally by *Marcellus Green,* for appellant, and by *T. A. McWillie,* for appellee.

Mayes, J., delivered the opinion of the court.

Where a circuit judge or chancellor issues a writ of *habeas corpus* that is to run in a district other than his own, it must be made returnable to a judge or chancellor in that district, and cannot be made returnable before himself. Section 152

of the constitution of the state provides that "the legislature of the state shall divide the state into convenient circuit and chancery court districts." In pursuance of this section of the constitution, the legislature has divided the state into chancery and circuit court districts, and in sec. 689 of the code of 1906, merely repeating the law in the code of 1892 on the same subject, it is provided that "a judge shall be appointed for and from each district." In sec. 505 of the code of 1906 the same provision is found in reference to chancellors. No circuit judge or chancellor has any power to act beyond the territorial limits of his district, unless that power is specially given him by statute, and the power to issue a writ of *habeas corpus* from one district to another, and make it returnable before the judge issuing the writ, in a district other than that in which the writ is to be served, is not given by our laws.

By Code 1906, § 2448, the writ of *habeas corpus* may be granted by any judge or chancellor, "returnable before himself or any other judge;" but this statute means that the issuing judge can make the writ returnable before himself only in case it is within the territorial limits of the jurisdiction confided to him. If the writ is to run within his district, he may make it returnable before himself or another judge in the same district; but, if the writ is to run in a district other than his own, he must make it returnable before a judge or chancellor acting for the district in which the writ is to go. We cannot subscribe to the idea that the legislature ever intended that a judge or chancellor should have the power to issue writs of *habeas corpus* from one district of the state to another and make same returnable before himself, thus bringing parties from one end of the state to the other, entailing great expense, and in many instances imposing great hardship. In a case where neither the judge nor chancellor of the proper district can act, if the writ is returnable in vacation, ample provision is made in Code 1906, § 998, where it is provided that "when the

judge or chancellor of any district, by reason of interest or other cause, shall be incompetent to act in any matter in vacation to be done in such district, or before him, or shall be absent from the district, such matter may be brought before and acted on by the judge or chancellor of another district in like manner and with same effect as if done by the judge or chancellor of the district to which the matter pertains." If, during a term of court, the presiding judge cannot hear the cause, sec. 998 provides for this contingency by authorizing the appointment of a special judge. The record shows no reason for making this writ returnable before the judge of the sixth district, if it be conceded that he would have the power to make it returnable before him in the sixth district, instead of going into the second district to hear it, where the record showed that both the chancellor and circuit judge of the second district could not act in the matter.

The case of *Patterson* v. *State,* 71 Miss., 675 (15 South. Rep., 794), relied on by counsel for appellee, has no application here. In the *Patterson case* the court merely held that, although Code 1906, § 2456 (Ann. Code 1892, § 2237), provided that "on the application of any person in custody, before conviction upon a criminal charge under the laws of the state, the judge or chancellor shall cause the writ to be made returnable at a convenient place in the county in which the offense is alleged to have been committed," yet when a party is confined in the jail of a county other than that in which the offense is committed, and seeks by *habeas corpus* proceedings to have himself liberated because of impaired health, and because confinement endangers his life on account of ill health, the hearing may take place in the county of his confinement. The court merely said, in this case, in construing the statute: "It was not designed to cover cases like the one at bar, when the dangerous ill health of the prisoner is the sole ground on which

the application rests." The question in that case was widely different from the question in this case.

*Let the cause be reversed and remanded, with instruction to the court below to issue the writ of habeas corpus and make same returnable before a judge or chancellor of the proper district.*