## Logan *v.* Rankin

No. 40457 April 22, 1957 94 So. 2d 330

750

*Adams, Long & Adams*, Tupelo, for appellant.

*Brown & Elledge,* Fulton, for appellee.

McGEHEE, C. J.

This case involves the custody of two minor children, Ronald Rankin and Patsy Rankin, who are now approximately seven and five years of age, respectively. Their parents were formerly husband and wife, both of whom

have now remarried. This appeal also involves the question as to whether or not full faith and credit should be given to a decree of the District Court of the Thirty-fourth Judicial District of the State of Texas, rendered in El Paso County, Texas, on December 13, 1955, where the jurisdiction of the Texas court was invoked on September 18, 1954, by the appellee on the instant appeal, Z. T. Rankin, or whether the Chancery Court of Itawamba County, Mississippi, where the parents lived at the time of their divorce, on April 14, 1954, still has the jurisdiction of the custody of the children.

During the latter part of the year 1953, the appellant, Mrs. Ruth Logan (nee Ruth Rankin), filed her bill for separate maintenance, for alimony, for the custody of the children and for their support, against their father, Z. T. Rankin. He filed in that cause an answer and cross bill, and in the cross bill he sought a divorce from the complainant on the grounds of habitually cruel and inhuman treatment of him by the complainant, and on the ground of her alleged adultery.

On April 14, 1954, the Chancery Court of Itawamba County granted unto the cross-complainant a divorce on the ground of habitually cruel and inhuman treatment alone, awarded the custody of the children to their mother with the right of the father to have them with him during the months of June and July of each year, with the right of visitation of the children in the home of the father from Friday at 3:00 P. M. until Monday at 8:00 A. M. of the first week in each month during which their mother had their custody; and gave the right to the mother to have the children with her for the same period of time during the months of June and July of each year; awarded to the mother a lump sum of $175.00 as alimony in full, and awarded unto her the sum of $35.00 for the remainder of the month of April 1954 and the sum of $60.00 per month thereafter for the support of

the said children during the ten months of each year in which she was to have their custody, together with attorney's fees to her attorney, the alimony to the wife and the fee to the attorney to be paid within sixty days from the date of said decree of April 14, 1954.

On April 21, 1954, the cross-defendant, Mrs. Ruth Rankin, was married to Darrell B. Logan, and on April 27, 1954, she took the children with her on a visit to the home of her said second husband, the decree of April 14, 1954, having provided that neither of the parties to the suit, in Itawamba County could remove the children from the jurisdiction of that court for more than one week at a time. On her journey to the home of her husband at El Paso, Texas, Mrs. Ruth Logan (nee Ruth Rankin) became involved in an automobile accident wherein she was rendered unconscious for a few days and had to be hospitalized. While she was in the hospital the children were taken to the home of Mr. Logan's parents at El Paso, Texas. She had to be placed in a cast while in the hospital and was unable to return to Mississippi as contemplated. The automobile wreck occurred at or near Jacksboro, Texas, while she was en route back to Mississippi where she claims that she intended to turn the children over to their father, Z. T. Rankin, for a week-end visit during the first week in May 1954, and to have them available to be with him during the months of June and July of that year. The automobile accident occurred on May 2, 1954.

On May 5, 1954, she wrote a letter to her attorney, George F. Adams of Tupelo, Mississippi, who had been employed, (after the divorce and custody decree of April 14, 1954, had been rendered), to negotiate with the attorneys of her former husband with reference to some different arrangement as to the custody of the children. In that letter she advised her said attorney of the automobile accident, etc., but she didn't communicate with

either the judge of the Chancery Court of Itawamba County or with her former husband as to the whereabouts of the children. This attorney did not advise the attorneys of Z. T. Rankin of this letter until May 28, 1954. The father of the said children was not able to locate the children until September 18, 1954.

In the meantime the father of the children had petitioned for a modification of the decree of April 14, 1954, in the Chancery Court of Itawamba County, Mississippi. He had process issued for his former wife directed to the sheriff of Itawamba County whose return thereon showed that she was not found in his custody.

Section 8681, Code of 1942, provides: ''Any notice required in the progress of a suit or action, in any court of this state, shall be as valid and effectual when served on the attorney or solicitor of the party in that cause as if served on the party himself.'' We think that this statute means, as it expressly provides, that ''any notice required in the progress of a suit or action'' shall be as valid and effectual when served on the attorney or solicitor of the party in that cause as if served on the party himself, shall be valid and effectual during the progress of the cause that the attorney has been employed to handle; that it does not mean that when a subsequent proceeding is filed in vacation, even though in the same cause, it is a sufficient service on a litigant when served on the attorney who is under no obligation by virtue of his employment to represent the party without a new and different arrangement being made with the litigant as to his fee for handling the subsequent litigation, and especially where a subsequent petition seeks to take from such litigant, on behalf of his or her adversary, the exclusive custody of the children, and also the alimony theretofore allowed to the party against whom the subsequent petition is filed, and which alimony has already become due, and to take from her the month-

ly support money allowed for the maintenance and support of her children both accrued and to accrue, and in which accrued installments she has a vested right at the time the subsequent petition is filed. In other words, we think that Section 8681, supra, has reference to a notice to an attorney during the progress of a trial until that particular litigation has been tried and a judgment or decree rendered which is final until further order of the court upon proper service of process upon the litigant who is to be affected by such subsequent litigation.

 Subsequent to the filing of the petition for the modification of the decree of April 14, 1954, which was not heard until August 3, 1954, the only notice to the attorney of the defendant to the petition for modification was a letter from the petitioner's attorney inquiring as to when and where the children were to be surrendered to him, and notifying the attorney for the defendant to the petition that the petitioner would insist upon the terms of the former decree being obeyed. The letter itself did not advise the attorney for the defendant to the petition for modification as to what modification would be sought. The letter relied upon as process was served on both W. Herman Camp, the attorney of record for the mother of the children at the time the decree of April 14, 1954, was rendered, and upon the attorney subsequently employed or retained by her to negotiate with opposing counsel as to whether some different arrangement might be agreed upon as to the custody of the children in view of the then existing circumstances. We are of the opinion that the decree of August 3, 1954, which awarded the complete custody of the children exclusively to their father, and which eliminated from the decree of April 14, 1954, the provision for alimony to the mother and the support money for the children, was void for want of legal process upon the party to whom the custody of the children had been largely awarded,

and to whom the payment of alimony had been provided for.

In the case of Sinquefield v. Valentine, et al, 159 Miss. 144, 132 So. 81, it was held that before a parent can be deprived of the custody of his minor child, there must be a hearing before a court of competent jurisdiction in which he has been served with process or entered an appearance, and no court has the right to deprive him of the custody or to adjudge him to be unfit for such custody without an opportunity for him to appear and be heard. And further that to do so would be to deprive him of his legal rights without due process of law. The decree of April 14, 1954, insofar as it awards the custody of the children to the mother, had the effect of adjudging her to be a suitable person to have their custody, whereas the decree of August 3, 1954, insofar as it awarded the exclusive custody of the children to the father, had the effect of depriving the mother of the custody of the children theretofore awarded to her, and all without notice and an opportunity to be heard. If Section 8681, Code of 1942, were given the application contended for by the appellee in the instant case, it would be unconstitutionally applied in that it would be denying the appellant herein due process of law under the facts and circumstances of this case.

When the appellee in the instant case, Z. T. Rankin, ascertained the whereabouts of the children on September 18, 1954, he went to El Paso, Texas, and filed a habeas corpus petition in the District Court of El Paso County, to obtain the possession of the children. He exhibited to his petition the decree of April 14, 1954, and its modification on August 3, 1954, by the Chancery Court of Itawamba County, Mississippi, and asked that full faith and credit be given to the said decree as modified, and on the ground that the Chancery Court of Itawamba County had expressly retained jurisdiction

over the children in its decree of April 14, 1954. Process
was had on Mrs. Ruth Logan at El Paso, Texas, and
she appeared and filed an answer to the petition for
writ of habeas corpus, and filed a cross-action alleging
that she know nothing about the decree of August 3,
1954, and that the circumstances had materially changed
as to the best interest and welfare of the children since
the decree of April 14, 1954, rendered in the Chancery
Court of Itawamba County, Mississippi.

When the habeas corpus proceeding came on for hear-
ing in the District Court of El Paso County, Texas, the
trial judge was of the opinion that he was required to
give full faith and credit under the Constitution of the
United States to the decree of April 14, 1954, as modified
by the decree of August 3, 1954, by the Chancery Court
of Itawamba County, Mississippi, and he thereupon sus-
tained the petition for the writ of habeas corpus and
awarded the exclusive custody of the children to the
petitioner Z. T. Rankin as provided for in the decree of
August 3, 1954, of the Chancery Court of Itawamba
County, Mississippi, and he held that the cross-action of
the defendant in that habeas corpus proceeding in Texas
did not allege sufficient facts to show a material change
in the circumstances since the rendition of the decree of
the Chancery Court of Itawamba County on August 3,
1954. Thereupon he allowed the petitioner Z. T. Rankin
to enter into a bond with a surety company in the sum
of $1,000, conditioned that he would have the children
before the District Court of El Paso County, Texas, to
abide by the final judgment that may be rendered by the
Court of Civil Appeals in Texas or by the Supreme
Court of the State of Texas. Thereupon the petitioner
carried the children to Pearl River County, Mississippi,
where they have since remained.

An appeal was perfected by Mrs. Ruth Logan to the
Court of Civil Appeals of Texas which rendered a de-

cision reversing the judgment of the District Court of El Paso County, Texas, and held in effect that the cross-action of Mrs. Logan stated sufficient grounds, if true, to entitle her to relief, and that she was entitled to a hearing thereon. Thereupon Z. T. Rankin, the petitioner in the habeas corpus proceeding in that state, appealed the case to the Supreme Court of Texas, which affirmed the decree of the Court of Civil Appeals, by denying a writ of error. And when the cause came on to be tried thereafter in the District Court of El Paso County, Texas, on the cross-action of the defendant to the habeas corpus petition, the attorneys for the petitioner Z. T. Rankin in El Paso, Texas, announced in open court that they had been unable to get any response to their letters to the petitioner, and it was assumed that he had abandoned his suit in the Texas courts upon the remand thereof. Upon the case made by Mrs. Ruth Logan in the trial at El Paso, Texas, after the suit had been remanded to it, the District Court upon hearing proof on the cross-action filed by Mrs. Ruth Logan, found that there had been a material change in the circumstances of the parties since the rendition of the decree of August 3, 1954, by the Chancery Court of Itawamba County, Mississippi, and held that since the children were in El Paso, Texas, at the time of the institution of the habeas corpus petition by their father Z. T. Rankin, the District Court had jurisdiction to award their custody according to the merits of the cross-action seeking their full custody. That court found that the mother of the children had not wilfully violated the decrees of the Chancery Court of Itawamba County, Mississippi, and manifestly adopted her version as to why the children had not been returned to Mississippi in accordance with the decrees of the Mississippi court. The full custody of the children was awarded to Mrs. Ruth Logan on her cross-action, and thereafter Mrs. Logan

filed a petition for a writ of habeas corpus in the Chancery Court of Pearl River County, Mississippi, where the children were then residing with their father, who had failed to have them before the District Court at El Paso according to the terms of his bond in that behalf. She exhibited with her petition a certified copy of all of the proceedings that were had in Texas in the cause instituted there by the appellee in the instant case, Z. T. Rankin.

The writ of habeas corpus was issued and was directed to the sheriff of Pearl River County, Mississippi, and a date was set for hearing before the chancellor in chambers at Hattiesburg, Mississippi. The chancellor was then of the opinion that he should not hear and determine the petition of Mrs. Logan to regain possession and custody of the children, and he dismissed the same. It is from that decree that this appeal has been prosecuted to this Court.

 █ Evidently the chancellor was of the opinion that he should not interfere with the jurisdiction retained by the chancellor in Itawamba County over the custody of the children by his decree of April 14, 1954, as subsequently modified. And it is contended here by the appellee that any right or remedy to which the petitioner in the instant case may be entitled may be awarded to her by the Chancery Court of Itawamba County, Mississippi.

However, since the children are in the possession and custody of their father, Z. T. Rankin, in Pearl River County, Mississippi, we are of the opinion that that county is the proper venue for this habeas corpus proceeding. The chancellor of the district in which Itawamba County is embraced would be without authority to issue a writ of habeas corpus returnable before himself under the present status of this case. He could only make such a writ returnable before either the circuit or

chancery judge of the district in which Pearl River County is located, since the children are admittedly there. Nor do we know of any authority for the Chancery Court of Pearl River County to transfer this habeas corpus proceeding to the Chancery Court of Itawamba County for trial.

In the case of McLeod v. McLeod, 88 Miss. 722, 42 So. 873, it was held that the Code section, then Section 2448, Code of 1906, providing that a writ of habeas corpus may be granted by any judge or chancellor, returnable before himself or any other judge, does not authorize the issuance of a writ to be served in another district returnable before the judge granting it; and that where a circuit judge or chancellor issues a writ of habeas corpus to be served in a district other than his own, it must be made returnable before a judge or chancellor of the other district, and not before himself. In the course of the opinion in that case Judge Mayes said: "No circuit judge or chancellor has any power to act beyond the territorial limits of his district, unless that power is specially given him by statute, and the power to issue a writ of habeas corpus from one district to another, and make it returnable before the judge issuing the writ, in a district other than that in which the writ is to be served, is not given by our laws."

Since the appellee Z. T. Rankin invoked the jurisdiction of the Texas courts, and with the result that the custody of the children was awarded exclusively to their mother, the judgment of that court is res adjudicata of the facts and circumstances existing at the time of the rendition of the judgment and is entitled to full faith and credit by the courts of this State. We think that the judgment rendered by the District Court of El Paso County, Texas, the jurisdiction of which was invoked by the appellee in the instant case, superseded the decrees of the Chancery Court of Itawamba County,

Mississippi, and that the same should be given full faith and credit as required by the Constitution of the United States. And for the reasons hereinbefore stated we think that the decree of August 3, 1954, rendered by the Chancery Court of Itawamba County, was void for want of process on Mrs. Ruth Logan, for the modification of its decree of April 14, 1954. This would leave the decree of April 14, 1954, awarding to the mother of the children their custody for ten months of the year, and to their father for the months of June and July of each year, under the terms and conditions set forth therein, still in full force and effect except for the decree rendered in the courts of Texas in the litigation instituted by the father of the children.

The appellee herein, Z. T. Rankin, had remarried prior to the final hearing in the District Court of El Paso County, Texas, and if there was a material change of circumstances of the parties because of his said marriage, that fact should have been urged before the District Court of El Paso, Texas. He forfeited his bond which was conditioned that he would have the children present to abide the final judgment of that court, the jurisdiction of which he had invoked.

Had Mrs. Ruth Logan gone to a sister state with the children for the purpose of obtaining a decree there awarding to her the full custody of the children, and in order that she might plead the judgment or decree of the sister state to defeat the terms of the decree of the Chancery Court of Itawamba County, we would have a different situation than that here presented. The father of the children had her brought before the Texas court to defend his petition for a writ of habeas corpus wherein he sought the custody of the children, and she is merely asserting that the decree that resulted from that litigation begun by him should be given full faith and credit. Compare the case of Haynie v. Hudgins,

122 Miss. 838, 85 So. 99, and the very recent case of Honeywell v. Aaron, (Miss.) 87 So. 2d 562.

 ██ In the case of Haynie v. Hudgins, supra, the Court reviewed the authorities at considerable length, and stated, among other things, that: "The question as to what weight this court should give to the Tennessee decree has had our careful consideration. We think the proper rule, and that announced by the great weight of authority, is that full faith and credit should be given to this decree as adjudicating all matters therein settled at that time, but that it has no controlling effect in this state upon facts and conditions arising subsequently to its rendition, and that this court is at liberty and should award the custody of the child to the parent entitled thereto, upon proof of matters, subsequent to the decree, which justify such award in the interest of the welfare of the child; that the paramount consideration of the court is always the best interest of the child." This case is an authority in support of the jurisdiction of the Texas courts in the case at bar. It also recognizes the jurisdiction of a court in Mississippi, such as the chancery court of Pearl River County, to try a habeas corpus proceeding as to the custody of a child which had been previously awarded to one of the parents by the court of the sister state of Tennessee. The trial court held that it had no jurisdiction to try the merits of the habeas corpus proceeding, "because the minor was a ward of the Tennessee court". This Court held otherwise.

The case of Honeywell v. Aaron, supra, is important here only upon the question that full faith and credit must be given to the valid judgments and decrees of the courts of sister States, and that the final judgment of the Texas courts in the present controversy is res judicata, in the absence of proof of a material change in the conditions and circumstances as they existed at that time.

Since the appellee, Z. T. Rankin, had these children in his possession in Pearl River County, Mississippi, where they had been residing with him for a considerable period of time, we know of no forum in which the successful litigant in the Texas court could have come into Mississippi and maintained a habeas corpus proceeding other than in Pearl River County where the children were then residing with their father.

Of course if the father of the children should have carried them into any one of the counties of the Chancery Court District within which Itawamba County is located, and if she had instituted a habeas corpus proceeding in any one of those counties where the children may have been residing with their father, the proceeding could have been instituted before either the circuit judge or the chancellor with jurisdiction in such county, but we assume that in such a case the writ would have been made returnable to the chancery court of Itawamba County for hearing and disposition, but as held in the case of McLeod v. McLeod, supra, neither the circuit judge nor the chancellor of the district where Itawamba County is located could have issued a writ of habeas corpus to another district anywhere in the state without making the writ returnable before the circuit judge or chancellor of such other district where the children were then residing.

The mistake made in the present controversy, though unintentional, was in granting permission to either of the parents to remove the children from the jurisdiction of the Chancery Court of Itawamba County at all. But having so done, the petitioner in the habeas corpus proceeding in Texas, when invoking the jurisdiction of the courts of that state, conferred upon them the jurisdiction to render a judgment or decree in accordance with what those courts conceived to be to the best interest of the children.

The District Court of El Paso, Texas, in effect adjudicated that the cross-complainant, Mrs. Ruth Logan, had not wilfully violated the decree of the Chancery Court of Itawamba County, Mississippi. Moreover, the said Texas court set forth the facts as to the attempted service of process on Mrs. Logan in regard to the petition for the modification of the decree of the Chancery Court of Itawamba County of April 14, 1954, and we are unable to recognize such process as being legal and binding in connection with the rendition of the modification decree of August 3, 1954.

The supposed conflict in jurisdiction here is not between the Chancery Court of Pearl River County and that of Itawamba County, but the question is as to whether full faith and credit should be given to the decrees of the Texas courts in compliance with the Constitution of the United States. We do not have before us the question of whether or not the Chancery Court of Itawamba County has the right to enforce its decrees against a litigant any where in the State who may be disobeying the terms of such decree, and we therefore refrain from commenting on any question that may be presented in such a situation.

From the foregoing views it follows that we are of the opinion that the Chancery Court of Pearl River County should have proceeded to hear this cause and have given to the decree of the District Court of El Paso County the full faith and credit required by the Constitution of the United States, and on the basis of that decree should on the remand of this case award the custody of the children to their mother, in the absence of a sufficient showing before him, based upon facts and circumstances which may have transpired since the rendition of the decree of the Texas court that would warrant a change of their custody on the basis of sub-

sequent events that may have occurred since December 13, 1955.

Reversed and remanded.

*Hall, Lee, Holmes* and *Arrington*, JJ., concur.