RANKIN *v.* LOGAN

No. 40823          June 2, 1958          103 So. 2d 403

*Brown & Elledge,* Fulton; *Williams & Williams,* Poplarville, for appellant.

*Adams, Long & Adams,* Tupelo; *Joseph H. Stevens,* Hattiesburg, for appellee

Lee, J.

This is the second appearance of this cause here. Logan v. Rankin, 230 Miss. 749, 94 So. 2d 330. In that appeal, a full history of the case was set out. It was developed that the parties hereto were divorced by the Chancery Court of Itawamba County by decree of date of April 14, 1954, and the custody of the two children of the marriage was awarded to their mother, with certain rights of visitation to the father and custody during June and July of each year. The then Mrs. Rankin married Darrell B. Logan on April 21, 1954, and, about a week later, took the children with her to visit her husband, a soldier in the United States Army at El Paso, Texas. On the return trip, she was injured in an automoboile accident and was unable to return to Mississippi and deliver custody of the children to their father, as she had intended. Subsequently, Z. T. Rankin, her former husband and the father of the children, on September 18, 1954, filed a habeas corpus petition for the custody of the children in the District Court of El Paso County. On a contest, that court awarded the custody to the father and, pending an appeal by the mother to the Court of Civil Appeals, upon the execution of a valid bond in the sum of $1,000, conditioned that he would have the children before the court to abide the final judgment of the Appeal or

Supreme Court, allowed him to take the children to this State. Rankin married again in March 1955. In due course, the Court of Civil Appeals reversed the decision of the District Court; and on Rankin's appeal to the Supreme Court, his application for a writ of error was denied, which action thereby affirmed the decision of the intermediate court.

Upon remand to the District Court, Rankin did not appear and attempt to show a material change in the circumstances. Neither did he return the children to the court. Actually he defaulted in this respect, and forfeited his bond. Thereafter on the hearing, a final decree, awarding custody to the mother, was entered.

Subseqeuently the mother filed a petition in the Chancery Court of Pearl River County, Mississippi, where the children were then living with their father, attaching thereto a certified copy of the proceedings in the Texas courts, and sought to have full faith and credit given to those proceedings, and to be awarded the custody of the children. When the cause came on for hearing, the trial court was of the opinion that it did not have jurisdiction, and dismissed the cause. This Court, in reversing the dismissal decree, held that the trial court "should have proceeded to hear this cause and have given to the decree of the District Court of El Paso County the full faith and credit required by the Constitution of the United States, and on the basis of that decree should on the remand of this case award the custody of the children to their mother, in the absence of a sufficient showing before him, based upon facts and circumstances which may have transpired since the rendition of the decree of the Texas court that would warrant a change of their custody on the basis of subsequent events that may have occurred since December 13, 1955."

Consequently, the trial court, in obedience to the above quoted mandate of this court, was bound to award the custody of the children to the mother unless there had

been such a change in the facts and circumstances since December 13, 1955, the date of the Texas decree, to warrant a change in custody.

On the rehearing, after offering in evidence a certified record of the proceedings in the El Paso County District Court, together with the opinion of the Court of Civil Appeals and the order of the Supreme Court of Texas, denying the application for a writ of error, the petitioner rested her case.

The evidence for the defendant was to the effect that he was the pastor of a Church in a fine rural community of Pearl River County at a salary of $3,000 plus the use of a nice parsonage in which to live; that the children attended a good school and were regular in their attendance at both Sunday School and Church; and that their stepmother was kind, attentive and affectionate toward them. It was shown that, following an examination by Dr. S. S. Ketty in March 1956, Ronnie, the boy, was found to be afflicated with diabetes, a serious ailment in children from which they rarely recover. The doctor had treated the child very successfully. His instructions to the parents as to diet, the use of insulin, and overall care and supervision had been carried out very efficiently; and it was shown that the boy was doing as well as could be reasonably expected for one who is the victim of such a malady. Neither the father nor the stepmother were medically trained, although they are both well educated. While the father administered most of the insulin, it was shown that the stepmother could do so, if necessary. When the doctor was asked which would be better, the mother or father, to take custody of the child he frankly replied that he could not answer the question as he did not even know the mother. The defendant admitted that any woman, if she wanted to, could learn how to prepare the boy's food.

Mrs. Logan was called as an adverse witness and cross-examined. She was shown to have one child by

her second marriage, just as in the case of the father who has had one child by his second marriage. She had been working, but would not have done so if she had been privileged to have the custody of the two children. She said that she had quit her position in anticipation of getting the children, and that she would devote her full time to them and the other child.

At the conclusion of the evidence by the defendant, the petitioner moved to exclude the same on the ground that it was insufficient to show any material change since the Texas decree of December 13, 1955. However she apprised the court that she would wish to offer her proof, if the motion should be overruled.

The court rendered an opinion in which he held that there was no evidence to show that either of the parties was unfit to have custody; that the only change in conditions was the showing that Ronnie is afflicted with diabetes; that any person of ordinary intelligence ought to be able to render the necessary care for him; and that the proof of a change in circumstances was insufficient to warrant a change in custody, and thereby nullify the decree of the Texas court. A decree, awarding custody to petitioner, was duly entered in accordance with the finding; and from such decree, the defendant appealed.

The appellant contends that the finding and decree of the trial court was against the overwhelming weight of the evidence and was manifestly wrong; that the court's refusal to allow proof as to conditions prior to December 13, 1955, constituted prejudicial error; and that at all events, the court should have assumed as true, in passing on the motion to exclude, his evidence and the logical inferences therefrom, and that it was error to enter such decree in the absence of conflicting evidence by the petitioner.

The court was manifestly correct in finding that the evidence as to a change in conditions and circumstances since December 13, 1955, was insufficient to war-

rant a change in custody from the mother to the father.
■■ The decision of this Court, in the first appeal
of this case, held that the decree of the Texas court was
res judicata as to all conditions and circumstances exist-
ing at that time. The appellant had his chance to show
such conditions, if they existed, in the court whose juris-
diction he had invoked. Instead of doing this, he left
the State of Texas with the children, did not return them
as he had promised by his bond so to do, forfeited the
$1,000 bond, and completely ignored that court and the
pending proceedings therein. Since he had an oppor-
tunity for his day in court at that time, and wholly failed
to make known his complaint, if any, to that court, he is
now cut off and barred from raising such matters in
this proceeding.

Finally the evidence for the appellant and the logical
inferences drawn therefrom did not show a material
change in the condition of the parties. Consequently he
was not entitled to be awarded the custody of the chil-
dren, and an attempted production by the appellee of
evidence in rebuttal would have been vain and meaning-
less.

From which it follows that the decree of the learned
chancellor ought to be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* con-
cur.