JOHN R. HERNDON ET AL v. THOMAS P. BONNER, GUARDIAN.

[52 South. 513.]

GUARDIAN AND WARD. *Custody of ward. Decree appointing guardian. Collateral attack. Habeas corpus.*

A guardian of the person and estate of an infant, duly appointed by the chancery court, is entitled to its custody; the decree making the appointment cannot be collaterally attacked on *habeas corpus*, and can be vacated only by proper proceedings for that purpose.

FROM the circuit court of, second district, Jones county.

HON. ROBERT L. BULLARD, Judge.

Bonner, guardian, appellee, was plaintiff in the court below; Herndon and wife, appellants, were defendants there. From a judgment in plaintiff's favor, defendants appealed to the su-

preme court.   The facts as stated by ANDERSON, J., were as
follows:

"This is a *habeas corpus* proceeding by the appellee, Thomas
B. Bonner, guardian of Inel Bonner, a girl twelve years of
age, and Eugene Bonner, a boy ten years of age, their uncle,
against the grandfather and grandmother of said minors, John
R. Herndon and his wife, appellants, for their custody.   The
writ was made returnable before the circuit judge, who rendered
judgment awarding their custody to the guardian, Thomas B.
Bonner, from which this appeal is prosecuted by the grand-
parents.

"The petition for the writ alleges that the petitioner, Thomas
B. Bonner, had been legally appointed guardian by the chancery
court of Jones county of the persons and estates of these infants,
with the right to the custody of both; that their mother and
father were dead, and he permitted them to spend the summer
of 1909 with their grandparents at their home in Sandersville,
Jones county (Bonner's home being at Laurel, in said county);
that, when the time approached for their return to his home to
enter school, Mr. and Mrs. Herndon, appellants, refused to give
them up, detaining them with force, violence, and threats.   In
their answer the Herndons admit the substantial allegations of
the petition, and to justify their detention of the children charge
that Bonner is unfit to have their custody, care, and education,
and they set out the reasons therefor.   On the trial the only
testimony admitted by the judge was the decrees of the chancery
court of Jones county appointing Bonner guardian for the in-
fants, in which he is decreed to be guardian of their persons and
estates.   Respondents offered to introduce testimony to sustain
their answer, which the court below declined to permit."

*Hall & Street,* for appellants.

The circuit judge erred when he refused to hear testimony
regarding the best interests of the wards.   In cases of this kind
the primary question is, the best interest of the ward.   If the

answer of the appellants is true the appellee is certainly not the proper party for the custody of the children.   The court in adjudicating the custody of infants should certainly go into the proof and ascertain the best interest of the wards as to placing them with either the legal guardian or the nearest of kin; the court exceeded the law when it refused the hearing of testimony.

The court had no right to assume that the answer and showing of the appellants were untrue, without proof.   The position of the court was that Code 1906, § 2409, prevented it hearing any testimony and necessitated it awarding the custody of the children to the appellee, who had been appointed by the chancery court of Jones county, guardian of both estate and person of the wards.   This construction is entirely too technical.   It may be that to permit the children to remain, or to be put into the custody of the appellee did not do them irreparable harm, but one can conceive of circumstances under which this interpretation of the statute would be absolutely untenable.   Supposing that a legally constituted guardian of minors were to be treating them inhumanly by beating them, refusing to feed them or permitting them to suffer; could it be said that because the chancery court had awarded the custody of the children to such a cruel guardian that the court would not hear testimony to relieve them from inhuman treatment?   In the cases of *Cocke v. Hannun*, 39 Miss. 433, and *Maples v. Maples*, 49 Miss. 393, it was held by this court that if the infant's condition would not be materially improved by the change sought for in the writ, it should be refused.

*Deavours & Shands,* for appellee.

Under appellee's theory of this case, section 2409 is mandatory, and means exactly what it says, to wit: "But the guardian of a minor who has no parent shall be entitled to the custody of the minor as well as all his estate, but the court or chancellor

may appoint one person to be guardian of the person, and another to be guardian of the estate of the minor."

We think counsel for appellants have fallen into the error of confusing this action with an action to remove a guardian as authorized by Code 1906, § 2407; or are proceeding under the theory that the right of a Mississippi guardian to the custody of his ward is controlled by the principles of the common law.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

The right to the custody of infants having a guardian is fixed by statute in this state, Code 1906, § 2409, which provides that "the guardian of a minor who has no parent shall be entitled to the custody of the minor as well as of his estate, or the court or the chancellor may appoint one person to be the guardian of the person, and another to be the guardian of the estate of the minor." The decree of the chancery court appointing Bonner expressly provides that he is to be guardian of the person and estates of his wards. The circuit judge had no power to override the statute and decree of the court. This decree under the statute fixed the right to the custody of the wards in the guardian, until vacated by the court making it on a proper proceeding for that purpose, which is amply provided for by law. They are the wards of the chancery court, which alone has the power to determine who shall have the custody of their persons and estates.

It is insisted that *Foster v. Alston,* 6 How. (Miss.) 406, is authority to the contrary. We hold that it is not. The question there was whether the testamentary guardian in Tennessee (the uncle) was entitled to the custody of his wards, as against their mother in Mississippi, with whom they were living, and thoroughly capable of having their custody, care, and education. The court refused to recognize the legal right of the Tennessee

guardian, under the laws of that state, as against the right of the mother and the best interest of the wards in this state; Judge SHARKEY dissenting, in an able opinion. The question here is whether the court in a *habeas corpus* proceeding will overturn a statute of this state by awarding the custody of the minors to one person when the law says another shall have it, which we answer in the negative.

*Affirmed.*