### YARBROUGH v. DUNNAM *et al.*

[94 South. 892.   No. 23007.]

1. HABEAS CORPUS. *Only final judgment rendered for custody of child is its liberty or award to person entitled thereto.*

   The only final judgment that can be rendered in a writ of *habeas corpus* trial for the custody of a child is one either setting the child at liberty or awarding its custody to the person entitled thereto.

2. HABEAS CORPUS. *Court without power after award to direct or interfere with custody of child.*

   After awarding the custody of a child to the party entitled thereto, the judge in a writ of *habeas corpus* trial is without power to direct the manner in which such party shall exercise his lawful authority over such child, or to direct that he shall thereafter surrender, though temporarily, the custody thereof to another party.

3. HABEAS CORPUS. *Judgment res judicata of rights of parties as facts then existed.*

   A judgment rendered in a writ of *habeas corpus* trial is *res adjudicata* of the rights of the parties thereto as the facts then existed.

APPEAL from circuit court of Perry county.

HON. R. S. HALL, Judge.

*Habeas corpus* by R. Y. Yarbrough against G. R. Dunnam and another. From an order awarding the custody of plaintiff's minor child until the further order of the court, defendants appeal. Reversed, and petition dismissed.

*E. C. Fishel,* for appellant.

While this appeal presents nothing to the court except such matters of law and fact as are reflected by the record itself, yet, I am convinced that the decree entered on August 11, 1922, shows conclusively that the court had no jurisdiction to enter the order of that date. This decree exculpates appellant, Yarbrough, from any and all acts of misconduct toward said child which would deprive him of his right of custody and further recites that the reason partial custody is granted to G. R. and Annie Dunnam is because the court feels that in its former decree it should have decreed the said G. R. and Annie Dunnam partial custody of said child.

The court will note that the question of jurisdiction was raised in the trial court by both the demurrer and the answer and the same is called to the attention of this court in the first and third assignments of error. We therefore respectfully submit that the demurrer should have been sustained in this cause, or if as a matter of pleading, we were mistaken in demurring to this petition, then we respectfully submit that on the answer of R. Y. Yarbrough when the court found no new facts had arisen since the entering of the order of January 14, 1922, to warrant him in changing the custody of the child the court should have dismissed the petition of G. R. and Annie Dunnam.

Section 2461 of the Code of 1906 (section 2027, Hemingway's Code), of itself is plain and I respectfully submit is capable of being easily understood, but this honorable court in the case of *Gray* v. *Gray,* 121 Miss. 541, 83 So. 726, has already construed this section and in express words has said that the powers of the chancery court in *habeas corpus* proceedings to obtain custody of the infant are limited by section 2461, Code 1906, section 2027, Hemingway's Code, to discharging the child or awarding his custody to the person entitled thereto and do not include general power over the custody of the child, so that after awarding the custody to petitioner the court cannot by

subsequent order require them to permit the child to visit his grandparents.

I most respectfully submit that the opinion rendered in said cause is a stronger argument in behalf of the appellant than your humble servant is capable of presenting and that under and by virtue of authority of said case that appellant is entitled to have this cause reversed and decree entered here dismissing the petition of said G. R. and Annie Dunnam. This, however, seems to be the law generally. The jurisdiction of the court in *habeas corpus* proceedings will ordinarily cease on rendering final judgment but inadvertence in the entry of a final order has been held not to deprive the court of the jurisdiction to make former findings and judgments containing necessary directions. C. J. 29, 117; see, also *Ex parte Hunt,* 100 Ark. 419, 140 S. W. 710; *Ex parte Zaney,* 164 Calif. 724; *Ex parte Smith* (Mo. App.), 2 S. W. 681; *State* v. *Rassieur,* 186 Mo. App. 214, 171 S. W. 688.

From the reading of the above cases it will be seen that jurisdiction had terminated and that the court was without authority to make or enter any further valid orders, and as our court has already decided this same question in *Gray* v. *Gray, supra,* favorable to our contentions and has never passed on the proposition contrary to this view, I believe that the above cited authorities are sufficient to sustain our position.

No brief found in the record for appellee.

SMITH, C. J., delivered the opinion of the court.

On the 14th day of January, 1922, the Honorable Robert S. Hall, judge of the Twelfth judicial district, rendered a judgment in a *habeas corpus* proceeding in which R. Y. Yarbrough was the petitioner and G. R. Dunnam and Annie Dunnam were the defendants, awarding to Yarbrough the custody of his minor son, Gaston Yarbrough, "until the further order of this court."

The Dunnams are Gaston's maternal grandparents. His mother seems to be dead, though this fact does not clearly appear from the record. On the 21st of June, 1922, the Dunnams filed a petition with the clerk of the court below addressed to the same judge who rendered the judgment hereinbefore referred to, praying that that judgment be set aside, and they be awarded the care and custody of Gaston Yarbrough for at least one-half of the time, and setting forth "that they have discovered new and additional testimony that they are now able to produce which will show their right to have the custody of Gaston Yarbrough," and "that they had never been permitted to see said child since the 14th day of January, 1922, except on church occasions and public gatherings in the community in which they live." The clerk by order of the judge issued a summons on this petition for Yarbrough, and the cause was again tried by the judge, who, after hearing the evidence, which was not made a part of and does not appear in the record, rendered a judgment reciting that:

"It is therefore ordered and adjudged that the said R. Y. Yarbrough has been guilty of no misconduct towards said child and has not been guilty of any conduct to cause him to forfeit the custody of said child, Gaston Yarbrough, but, inasmuch as the court feeling that in its former decree it should have decreed the said G. R. and Annie Dunnam partial custody of said child, it is here now ordered and adjudged that said G. R. and Annie Dunnam be awarded the custody of said Gaston Yarbrough for one week in each calendar month until the further order of the court, and when they shall be desirous to have said child with them it will be their duty to call on R. Y. Yarbrough and request the custody of said child, and at the expiration of the one-week period the said R. Y. Yarbrough, to be entitled to the return of said child, shall call on and request same from the said G. R. and Annie Dunnam. He, the said R. Y. Yarbrough, being adjudged the custody of the said child for all the remaining time except the custody for

one week each month, hereby awarded G. R. and, Annie. Dunnam. No costs are adjudged against either party herein at the present time, it being the specific intention of the court to retain jurisdiction of said cause, to make all necessary and proper orders."

This case is ruled by *Gray* v. *Gray*, 121 Miss. 545, 83 So. 726, and *Watts* v. *Smylie*, 116 Miss. 12, 76 So. 684. In the Gray case this court held, first, that the judgment rendered in a *habeas corpus* proceeding for the custody of a child should "either set the child at liberty or award its custody to the party entitled thereto;" and, second, that the judge presiding in such a proceeding could neither retain perpetual jurisdiction over the custody and welfare of the child nor direct the manner in which the party into whose custody the child is given "shall exercise his lawful authority over such child, or to direct that he shall thereafter surrender, though temporarily, the custody thereof to another person." In the Watts case it was held that a judgment rendered in a *habeas corpus* proceeding is *res adjudicata* "of the rights of the parties hereto as the facts then existed."

*Reversed, and petition dismissed.*