## MORGAN *v.* BROWN.

(Division B.  Jan. 2, 1939.)

[185 So. 267.  No. 33469.]

**B. P. Mauldin,** of Pontotoc, for appellant.

Wm. H. Inzer and A. M. Mitchell, both of Pontotoc, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

J. E. Brown, trustee in a deed of trust executed by S. D. Morgan to secure an indebtedness to Jim White, sued out a writ of replevin to secure possession of certain livestock and farm implements named in the deed of trust. The defendant, Morgan, gave bond for the forth-coming of the property as described in the deed of trust. On the hearing Morgan contended that when he signed the note and deed of trust he thought he was signing a simple promissory note; that Rex Patterson, who took the acknowledgment to the deed of trust in his capacity as notary public, represented it to be a note; that he did not read the instrument, and that he could barely sign his name.

It appears from the plaintiff's evidence that Rex Patterson arranged to borrow from Jim White the sum of $450 in money; that he had furnished S. D. Morgan certain supplies between the previous fall and the date of the deed of trust, the total sum amounting to $510; that he got White to agree to accept the deed of trust on Morgan in lieu of executing papers himself; that he owed White, and that Morgan owed him—and that the deed of trust was taken for the purpose of securing or paying what he owed to White, Morgan securing to him, Patterson, what he owed to him by giving the deed of trust direct.

Morgan also contends that he owed Patterson money, and that a creditor's receipt was given by Patterson, bearing date of February 12, 1935, prior to the execution of the deed of trust on June 13, 1935; and that Patterson had agreed to accept the amount, evidencing his claims

by the creditor's receipt and release. However, there was no direct proof as to the execution of a mortgage by Morgan to the Federal Land Bank, or that the deed to Patterson was embraced in the instrument prior to such execution of the receipt produced in evidence.

There was a judgment in the court below for the trustee, which was based upon the items and value of the property embraced in the deed of trust, as valued by the sheriff's return in executing the writ of replevin, and in the bond taken for the forthcoming of the property, which was introduced in evidence. If Morgan signed the deed of trust without reading it or having it read to him, he is in no position to contradict its terms.

It is argued that there was insufficient evidence of the value of the property separately; but the sheriff's return was introduced in evidence, and his valuation is prima facie correct, and is sufficient to support the verdict. There was conflict between the evidence of Patterson and that of the appellant Morgan and his witnesses, and the further evidence for the trustee.

We think the question presented was one for the jury, and the judgment is affirmed.

Affirmed.