# COLE *v.* COLE.

(Division B, March 15, 1943.)

[12 So. (2d) 425. No. 35102.]

George Chaney, of Vicksburg, for appellant.

Griffith, J., delivered the opinion of the court.

On December 18, 1941, appellee made application to the county judge of Warren County for a writ of habeas corpus, praying that the custody of her three children residing with appellant in said county be awarded to her. The county judge, on the hearing, sustained the petition and the prayer thereof, and an appeal has been taken direct to this court.

The question has arisen whether the appeal should have been first to the circuit court. It has always been the policy of the laws of this state to furnish, as speedily as practicable, a remedy in habeas corpus. Often, however, hearings upon such applications have been delayed because of the absence of the circuit judge and the chancellor while holding their terms elsewhere in their districts. One of the purposes, therefore, in the establishment of county courts was in the opportunity thereby afforded to further the stated policy of the state, in that there would be provided a judicial officer possessing all the qualifications of a circuit judge or chancellor, and who would be available at all times in each of the larger counties of the state for service in habeas corpus cases.

Thus, it was that by Section 698, Code 1930, there was and is provided that "the county judge shall have power to issue writs, and to try matters, of habeas corpus on application to him therefor, or when made returnable before him by a superior judge." The effect of this provision is the same as had Section 1917, Code 1930, expressly included the county judge, save perhaps, that he may not make the writ returnable before another judge, as to which we do not now decide, that question not here being before us.

When an application in habeas corpus has been made to a county judge, or has been made returnable before him, he acts not as a county court, but with all the power and authority of a circuit judge or chancellor; wherefore,

an appeal may be taken direct to this court under Section 15, Code 1930.

The parties hereto were formerly husband and wife, residing in Jackson County, in the State of Missouri, and the three children above mentioned were born to them as a result of their union. Sometime about the latter part of 1939, the parties separated in the county and state last mentioned, and the wife instituted therein a suit for divorce and for the custody of the children. About six months thereafter, or in April, 1940, the husband removed to Warren County in this state, this having been done to accept an important employment; and with the knowledge and consent of the wife and mother, he brought the children with him, and also his mother to take care of his household and of the children. He and the children and their grandmother have resided in said Warren County continuously since the last mentioned date.

Although the husband and the children were in Jackson County, Missouri, at the time the divorce suit was instituted, and when summons was there served on the husband as defendant to that suit, no final action was taken therein until June 17, 1941, or for more than one year after the husband and children had removed to and become residents of this state, when a final decree of divorce was rendered and entered in the circuit court of Jackson County, Missouri, which decree or judgment granted also to the wife the full custody and control of the three children.

In her present petition for the writ of habeas corpus, appellee stood solely on the Missouri decree or judgment and offered no other evidence, while the appellant introduced evidence ample to show that it would be to the best interest of the children that they should remain in this state with their father and grandmother under the arrangement heretofore mentioned. When this is taken in connection with the fact of the unexplained delay in bringing the case to a final judgment in Missouri, and the further delay of some six months, after that judg-

ment, before application was made in this state—which induces the conclusion either that the mother deemed that the children were and had been throughout all this time in excellent hands here, or else that she did not have that abiding interest in these children which would commend her present attitude—we approach with a candid regret the conclusion that we must affirm the present judgment.

It is true that the general rule is that in order that a decree or judgment awarding the custody of children shall be valid, the child or children must be within the territorial jurisdiction of the court. McAdams v. McFerrion, 180 Miss. 644, 178 So. 333. At the same time the rule is, further, that when a court has once acquired jurisdiction of the children, their removal from the jurisdiction prior to the decree does not deprive the court of jurisdiction to fix their custody. 16 C. J. S., Constitutional Law, sec. 572, p. 1164, and cases cited under note 67, and 19 C. J., p. 341, and cases cited under note 89; 27 C. J. S., Divorce, sec. 303, note 67.

The result is that the children having been residents of Missouri at the time the suit for divorce and for their custody was instituted and service there had on the husband, the subsequent decree in Missouri was as fully effective as had the children been there at the time of the rendition of the decree or judgment, and, in consequence, must be given full faith and credit here. And it cannot be set aside or modified here in the absence of a showing that the conditions or circumstances have so changed since the rendition of that decree as to make a modification necessary or proper. But the evidence, instead of showing any change, discloses without dispute that there has been no such change, or any change at all, since the rendition of the Missouri judgment.

Appellant contends that inasmuch as appellee depended solely on the Missouri judgment for the maintenance of her action, she ought not to prevail because no copy of that judgment was filed with her petition, and appellant

relies on Sections 526 and 527, Code 1930, in support of his position. No authority is cited by appellant, and we find no case in our decisions in precise point. We will concede, however, but without deciding, that the case is within Section 526, and that the court was in error in admitting the certified copy of the judgment in evidence. Had the court sustained the objection to its admission, the petitioner would have been allowed to make an immediate amendment to her petition by annexing thereto a copy of the judgment, and thereupon to proceed as if the copy had been all the while annexed. And no delay in the trial would ensue unless the defendant could show surprise, or the need of further time to meet the matter of the amendment.

Here, however, the petition stated that such a judgment had been rendered, giving the date thereof, the court by which rendered and the substance of the judgment, which was a matter of public record to which the defendant at all times had access. The judgment imported verity on its face, and when presented duly certified, there was nothing which the defendant could say in contravention of its terms. There would have been no ground, therefore, for delay or a continuance on account of the amendment mentioned; wherefore to receive the judgment in evidence without the amendment was an error which worked no actual harm to the defendant. Two things an appellant must show in order to obtain a reversal of the judgment appealed from: (1) Error therein, and (2) that he was prejudiced thereby—that he was deprived of a substantial right. Mississippi State Highway Dept. v. Meador, 184 Miss. 381, 391, 185 So. 816, 185 So. 267. We confine what we have here said to judgments, intimating nothing as to what would be done were the writing in question a private instrument.

Affirmed.