HINMAN *v.* CRAFT.

In Banc. Dec. 13, 1948.

(37 So. (2d) 770)

**Collins & Collins,** for appellant.

572

**L. B. Melvin,** for appellee.

**Alexander, J.**

A writ of habeas corpus was sought by appellant in a petition before the chancellor of Jones County, and, upon hearing, custody of his two children was awarded to appellee. Appellant assigns for error that in view of the prior award of such custody to her by the Chancery Court of George County, the Chancellor was without jurisdiction to alter such decree.

The parties are the parents of these children. They were delivered in 1939 by a decree of the chancery court of George County, which awarded custody to the wife. She took the children to Alabama, in which state the father made two unsuccessful attempts to procure their possession by court order. In 1947, the mother agreed to allow the father to take the children to be placed in school in Alabama. The father, exceeding this permission, brought them to Jones County, Mississippi. The mother, appellant here, sued on a writ of habeas corpus in the county court. The proceedings were transferred to the chancery court of that county.

Upon the hearing evidence touching the welfare of the children was introduced over objection by the mother, who stood upon the decree of the chancery court of George County. The trial judge found that the mother was a fit person to retain custody, but refused to give controlling effect to the decree of the George County Chancery Court. We find this to be error.

Regardless of the right of the mother to invoke the former decree as a basis for her application for writ of habeas corpus, ▓▓ the latter remedy was not available to appellee as a device to amend the existing decree. Herndon v. Bonner, 97 Miss. 328, 52 So. 513. See also Cole v. Cole, 194 Miss. 292, 12 So. (2d) 425. It is true that in Leggett v. Leggett, Miss., 32 So. (2d) 189, 191, we held that an original proceeding in the form of habeas corpus would be adjudicated in the light of the objects sought and the jurisdiction of the court, and treated as an action cognizable by the chancery court as such and that it retained exclusive jurisdiction in the matter of custody. We stated ''It would provoke endless confusion to permit one, or several, other courts to undertake to adjudicate the rights of the parties and best interest of his minor, at the instance of the father, in this state of affairs. . . .''

The proceeding here differs from that in such cases as Yarbrough v. Dunnam, 130 Miss. 669, 94 So. 892, where the proceeding was before the judge and was in form and substance strictly a habeas corpus hearing. Our conclusion is not out of accord with Haynie v. Hudgins, 122 Miss. 838, 85 So. 99. See 27 C. J. S., Divorce, Sec. 303, page 1162; 17 Am. Jur., Divorce & Separation, Sec. 687, p. 523.

▓▓ The decree of the George County Chancery Court was a sufficient basis for awarding custody in the habeas corpus suit, and due recognition of the former decree would require that its provisions be protected against modification save by the court which made the initial award.

Reversed, and decree here for appellant.