NEAL, et al. *v.* NEAL.

No. 41444 April 4, 1960 119 So. 2d 273

*Neill, Clark & Townsend,* Indianola, for appellants.

*Lyon, Davis & Cook,* Indianola, for appellee.

ETHRIDGE, J.

Appellee, Mrs. Marvell R. Neal, filed two separate petitions for writs of habeas corpus in the Chancery Court of Sunflower County. One was against the appellants, Lester P. King and wife, Verlie Neal King, seeking custody of petitioner's minor daughter, Amy Delores Neal, six years of age. Mrs. King is a paternal aunt of Amy. The other petition was against J. A. Neal and wife, Zenia Neal, appellants, the paternal grandparents of Jerry Wayne Neal, petitioner's child, seven years of age. The petitions, which were consolidated and will be referred to in the singular, alleged that defendants were in custody of the children and were wrongfully detaining them.

Mrs. Neal married James M. Neal, the father of these children, in January 1951. She obtained a divorce from

him on July 12, 1955, in the Chancery Court of Washington County. That decree awarded her custody of their son and daughter. The petition for habeas corpus, filed by Mrs. Neal in the Chancery Court of Sunflower County, pleaded the divorce decree and its award to her of custody of the children. It alleged that defendants had in April 1959 coerced petitioner into allowing the children to return to Mississippi for a visit. Since then, the defendants had denied her custody of them.

The defendants' answer averred that the divorce decree was void because of improper publication for the defendant-husband in that suit; that petitioner had left the children with defendants since they were only a few months of age, and for most of their lives they had been in the defendants' custody, care and support; that petitioner had not supported them or cared for them; that in 1958 petitioner, against defendant's wishes, took the children with her to Indiana. The answer charged that, since the 1955 decree, petitioner had wilfully abandoned the children, and the facts and circumstances pertaining to their best welfare had drastically changed. It was averred that, during the period (parts of 1958-1959) the children were with their mother in Rockville, Indiana, she had neglected and abandoned them. It was also charged that petitioner, since the decree, had become morally unfit to have their custody.

Prior to trial, defendants took the affidavits and depositions of four witnesses in Rockville, Indiana, whose personal attendance could not be procured. The affidavits were taken on notice to the adverse party, and counsel for both sides examined them. Miss. Code of 1942, Sec. 2834.

At the hearing petitioner testified on the merits. The 1955 divorce decree awarding her custody of the minors was introduced in evidence. Her father also testified. Defendants offered in evidence the affidavits or depositions of the four non-resident witnesses referred to above. The chancery court sustained a motion to sup-

press them, apparently on the ground that the 1955 decree of the Chancery Court of Washington County could not be collaterally attacked in this habeas corpus proceeding in the Chancery Court of Sunflower County.

Defendants then offered evidence that, subsequent to the 1955 divorce decree, petitioner had become an unsuitable person for custody of the children because of her immoral conduct, and the circumstances pertaining to their welfare had changed materially since the 1955 decree. Petitioner's counsel stipulated that if defendants' witnesses testified, they would offer testimony to substantiate the defendants' allegations, but petitioner's counsel did not agree that such testimony and conditions were true and existed. The court overruled defendants' tender of evidence in this respect, and excluded it.

The father of the children is not a party to this suit. After it was filed, he executed letters by which he "requested and authorized" defendants to retain his children in their custody.

 █ The final decree awarded custody of the two children to the petitioner, appellee. The effect of the exclusion of defendants' tendered evidence as to changed conditions since the 1955 divorce decree, suppressing the affidavits, and awarding petitioner custody of the children, without hearing evidence as to changed conditions and circumstances since the 1955 decree, pertaining to abandonment, neglect, and alleged moral unfitness of petitioner, was to hold that the 1955 divorce decree was res judicata, and that defendants, who were not parties to that suit, could not assert changed conditions since 1955 pertaining to the best welfare of the children, in defense of this habeas corpus proceeding. In these respects, we think the chancery court erred, and reverse and remand the case for a full hearing on the merits.

The general rule is well summarized in 25 Am. Jur., Habeas Corpus, Section 82: "The decree rendered in a

divorce suit, awarding custody of a child, must be recognized and given effect in a subsequent habeas corpus proceeding between the same parties, involving the right to the custody of that child, but such decree is not absolutely controlling in the subsequent proceeding, since the court may disregard it upon proof of circumstances and conditions arising since the date of its rendition which shows that the party awarded custody thereby is unfit to exercise such right or has forfeited it. If, since the decree granting a divorce and awarding the custody of a child, the circumstances have changed, a habeas corpus court may award the custody to the other parent or to a stranger, if the welfare of the child demands it; and in the exercise of such discretion, the court may look to the circumstances relating to the child's ordinary comfort, contentment, and intellectual and moral development.''

39 C. J. S., Habeas Corpus, Section 46, also recognizes the general rule as quoted above, namely, that habeas corpus may be maintained, notwithstanding a prior decree awarding custody of children, when the facts and circumstances have changed subsequent to that decree. A small minority of decisions hold otherwise. 39 C. J. S., p. 585, fn. 52. Significant factors, in addition to changed circumstances, are the welfare of the child, the position and responsibility of the state as parens patriae, and the fact that the parties to the instant proceedings are not the same as in the divorce action. 39 C. J. S., p. 586, fn. 57.

 ██ This State has adopted the majority rule that in habeas corpus proceedings a prior decree of custody is not binding upon proof of circumstances and conditions arising since the date of its rendition, which show that the party awarded custody thereby is unfit to exercise such right or has forfeited it. The best interest and welfare of the child is the prime consideration. The decision here is confined to a situation where a parent has invoked the aid of a court other than that which

made the initial custodial decree awarding her custody, and the defendants were not parties to that decree. ■■■ The venue of the habeas corpus proceeding is necessarily in the county where the children are being allegedly unlawfully detained, by persons not parties to the earlier divorce action, who are defending against her petition. See Logan v. Rankin, 230 Miss. 749, 94 So. 2d 330 (1957).

In Haynie v. Hudgins, 122 Miss. 838, 85 So. 99 (1920), this Court clearly aligned itself with the majority rule. Mrs. Hudgins and Haynie were married in Tennessee, and in 1906 she obtained a divorce from him in a Tennessee court, which awarded her the custody of their daughter Bettie. She filed a habeas corpus proceeding in the Chancery Court of Hinds County, Mississippi, against Haynie for the recovery of the custody of the child who was then about fourteen years old. Petitioner alleged that Haynie had enticed the child away from Memphis, brought her to Hinds County and illegally detained her. Defendant's answer averred that petitioner had abandoned the child, who was in the custody of its maternal grandmother, and defendant brought Bettie to Mississippi at the grandmother's request. Petitioner contended the question was one of jurisdiction, and the decree in the divorce action was final and binding on the Mississippi Court. The chancellor decided the case in favor of Mrs. Hudgins on petition and answer. If the averments of the answer were true, this Court's opinion observed they showed that since the divorce decree Mrs. Hudgins had become an unsuitable and unfit person to have custody of the child. Reversing the chancellor, the Court held: "The question as to what weight this court should give to the Tennessee decree has had our careful consideration. We think the proper rule, and that announced by the great weight of authority, is that full faith and credit should be given to this decree as adjudicating all matters therein settled at that time, but that it has no controlling effect in this

state upon facts and conditions arising subsequently to its rendition, and that this court is at liberty and should award the custody of the child to the parent entitled thereto, upon proof of matters, subsequent to the decree, which justify such award in the interest of the welfare of the child; that the paramount consideration of the court is always the best interest of the child.'' It was observed that the almost unanimous rule is in accord with this principle.

*Haynie* noted that Herndon v. Bonner, 97 Miss. 328, 52 So. 513 (1910), upon which appellee in the present case relies, was not in point, since the statutes relating to the appointment and removal of guardians governed the decision of that case. 122 Miss. at 848-849. *Haynie* was followed in Steele v. Steele, 152 Miss. 365, 118 So. 721 (1928), and Logan v. Rankin, 230 Miss. 749, 761-762, 94 So. 2d 330 (1957); see also Cassell v. Cassell, 211 Miss. 841, 846, 52 So. 2d 918 (1951).

Hinman v. Craft, 204 Miss. 568, 37 So. 2d 770 (1948), upon which appellee also relies, is distinguishable and not controlling in this suit. There the defendant to the habeas corpus proceeding, father of the children, was along with the petitioner, the mother, the identical party to the original divorce and custodial decree. The trial court found that the mother was a fit person to retain custody. Apparently no evidence was offered or considered on whether she had abandoned the children since the decree, and on whether, since the prior decree, she had become morally unfit for their custody. In short, there was no showing of changed conditions and circumstances in these respects since the prior decree. On the other hand, in the instant case appellants were not parties to the 1955 decree. Appellee filed the petition for habeas corpus and invoked the aid of the Chancery Court of Sunflower County. With the children in their possession, appellants were simply defending the suit which appellee initiated. They pleaded changed conditions since the decree.

In summary, the chancery court was in error in sustaining objections to testimony offered by appellants which was tendered to show changed conditions since the 1955 decree relevant to the welfare and best interest of the children, and to appellee's fitness to have their custody. The trial court also erred in sustaining the motion to suppress the affidavits of the nonresident witnesses. Miss. Code 1942, Section 2834. Hence the decree is reversed and the cause is remanded for a full hearing on the merits in accordance with this decision.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Holmes* and *Gillespie, JJ.,* concur.