## Talley *v*. Womack

No. 43057          May 11, 1964          163 So. 2d 742

*Melvin, Melvin & Melvin,* Laurel, for appellant.

*Louis A. Gily, Jr., L. Percy Quinn,* Laurel, for appellee.

Rodgers, J.

The appellant filed·a petition for a writ of habeas corpus in the County Court of Jones County, Mississippi, against the appellee and Mrs. Bolivar Ross, in which she alleged that the defendants illegally withheld the custody of Loura Susan Womack, a three-year old girl. The writ was duly served, the issue joined, and the case heard by the county judge on May 24, 1963.

The circumstances leading up to the habeas corpus trial are as follows: Mrs. Eleanor Elizabeth Murray Womack Talley, the appellant, and William Rufus Womack, were married on February 9, 1953, and later they adopted Loura Susan Womack in New Orleans, Louisiana. The appellant and Mr. Womack were divorced on May 7, 1962, in Louisiana. Appellant was granted the permanent custody of Loura Susan Womack. The order of the court reserved to Mr. Womack the right to visit Loura Susan at "reasonable times."

The appellant continued to live at Vidalia, Louisiana, but Mr. Womack moved to Laurel, Mississippi. Mrs. Womack married James H. Talley on November 9, 1962.

On May 11, 1963, appellee Womack took Loura Susan from appellant's home at Vidalia, Louisiana, and brought her to Laurel, Mississippi. The appellee did not inform the appellant where he had taken the child, and as soon as she learned where the child had been taken, she immediately sought the aid of the county court to regain the custody of Loura Susan.

The appellant offered evidence to show she had been granted the permanent custody of the child by a judgment of a Louisiana Court, and that she had been wrongfully taken by appellee Womack. The respondent offered evidence to show that the child had been whipped by Mr. Talley with a flyswatter and a belt and that stripes were observed upon the child's legs and buttocks. The mother and sister of the appellant testified they observed stripes on the child. All of the witnesses testified, however, that the appellant was a suitable person to have the care and custody of Loura Susan. The mother of appellant, Mrs. Murray, objected seriously to the marriage to Mr. Talley because he had been injured and did not have a job; he would not come to her home to dinner; he drank beer; and she wanted her daughter to retire from teaching. Mrs. Murray also testified that the family relationship had deteriorated since her daughter had married Mr. Talley.

The evidence developed during the trial showed that Loura Susan soiled her clothes because of repeated kidney actions, and that the appellant and her husband, Mr. Talley, attempted to break her of the habit by spanking her. It was later discovered that the child was suffering from kidney malfunction which required surgery. The appellant claims that after the operation the child was not reprimanded or spanked. On the other hand, respondents offered evidence to show that

the child was switched at least one time after she had undergone surgery.

The court held as a matter of fact both parties were fit and proper persons to have the care and custody of Loura Susan Womack but that the best interest of the child required the court to modify the former decree of the court of Concordia Parish, Louisiana. The order was based upon the opinion of the judge that "there had been a material change in the conditions relating to the child and the custody of the child * * * that Mrs. Talley and her husband Mr. Talley have used corporal punishment to a slight degree on the child beyond that which is advisable for a female child of three years of age."

The appellant, Mrs. Talley, complains on appeal, First, that the trial court erred in retaining jurisdiction of the child after the order in the habeas corpus trial and in ordering divided custody of said child in a habeas corpus proceeding; and, Second, that the court was in error in determining that there had been a material change in the circumstances since the order granting permanent custody by the Louisiana Court.

The proceedings in the instant case were instituted under §2815, Miss. Code 1942, Rec. This section is as follows: "The writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto, except in the cases expressly excepted."

This Court has repeatedly held that a habeas corpus proceeding is brought in a special court convened to try a single cause and when a final judgment is rendered its functions and powers wholly cease. Gray v. Gray, 121 Miss. 541, 83 So. 726; Cole v. Cole, 194 Miss. 292, 12 So. 2d 425.

It is said in Bunkley and Morse's Amis, Divorce and Separation in Mississippi, §8.12, at p. 226 (Note 54) that ''An habeas corpus court is a special court convened to try a single cause,. and when its final judgment is rendered, its functions and powers wholly cease. Nor may it by special order prolong its powers and jurisdiction.'' The Gray case was cited in Yarbrough v. Dunnam, 130 Miss. 669, 94 So. 892.

In Honeywell v. Aaron, 87 So. 2d 562 (Miss. 1956), this Court quoted Amis on Divorce and Separation in Mississippi, §227, pp. 308-310, (now §8.14, p. 226, Bunkley and Morse's Amis) as follows: ''A decree or judgment awarding the custody of a child, whether on divorce, separate maintenance, or habeas corpus, is res judicata and conclusive of the facts, and the rights of the parties, existing at the time it was rendered. * * * And no court will modify or change the judgment or decree touching custody, so long as the facts remain substantially the same. * * * But in all cases where the facts and circumstances have materially altered the chancery court granting the divorce or separate maintenance, may on proper proceedings alter the decree or change the custody; and in all other cases where the facts and circumstances have materially changed, a new judgment may be rendered on habeas corpus.'' The Court then said: ''The only other change, according to the record, is that the appellant, on August 16, 1955, married Honeywell. A second marriage alone was not sufficient change to warrant the mother's loss of the custody of her daughter.''

■■ ■ We are of the opinion that the county judge in the instant case did not have authority to modify the judgment of the Louisiana Court so as to divide the custody of Loura Susan Womack and to retain jurisdiction of the case, for the reason that ■■ ■ a habeas corpus court is a special court convened to try a single cause, and when its final judgment is rend-

ered, its functions and powers wholly cease. The court may not by special order prolong its powers and jurisdiction. The court has authority under §2815, Miss. Code 1942, Rec., to grant the writ releasing the person sought to be released, or it may refuse the writ in accordance with the authority set out in §2820, Miss. Code 1942, Rec., but a habeas corpus court cannot continue to exist after judgment for the purpose of supervising custody of persons brought within its jurisdiction. ▮▮ ▮ We are of the further opinion that the evidence in this case is not sufficiently strong on which to base a judgment withholding the custody of a three-year old female child from the custody and care of its mother.

The judgment of the habeas corpus court will be affirmed insofar as it awards custody of Loura Susan Womack to appellant, but it will be reversed and rendered insofar as it permits the part-time custody of the child to its father, William Rufus Womack. The full custody of the child is therefore awarded to the appellant.

Affirmed in part, and reversed and rendered in part.

*Kyle, P. J., and Ethridge, Brady and Patterson, JJ.,* concur.