BRADLEY, APPELLANT-PETITIONER *v.* GRAHAM, ET UX., APPELLEES-DEFENDANTS

No. 43248 June 1, 1964 164 So. 2d 772

*Horace L. Merideth, Jr.,* Greenville, for appellant.

*Philip Mansour,* Greenville, for appellees.

PATTERSON, J.

On March 16, 1964, the appellant filed a petition for a writ of habeas corpus in the County Court of Wash-

ington County, seeking to regain the custody of her daughter then approximately three and one-half years of age. From an order sustaining a motion to dismiss, this appeal is taken.

The appellant was awarded a divorce from her husband on July 11, 1962, in the Chancery Court of Washington County. This decree awarded the custody of the child to her mother in accord with the following terms of the decree:

"The complainant is hereby awarded custody of the child born of the marriage but she is hereby ordered and directed to deliver said child to the home of the paternal grandparents, Mr. and Mrs. D. K. Graham, not later than 7:00 a.m. each day Monday through Friday, beginning Monday, July 16, 1962, and to pick said child up after her work at approximately 3:00 P.m., and to leave said child with said grandparents while she is attending class at night school."

The paternal grandparents were not parties to this divorce action. No rights of custody were granted to the natural father by the terms of the decree.

The appellant remarried on December 4, 1962, and removed with her child to the State of Florida, the residence of her present husband, without any attempt being made to modify the decree. The father of the child has been outside the continental limits of the United States serving in the Armed Forces for many months, and so remains. In August 1963, the appellant came to visit with her parents in Lake Village, Arkansas. The paternal grandparents there visited with the child on several occasions. On one of these visits, August 22, 1963, Mrs. Graham, the grandmother, against the wishes of the mother and without her consent, brought the child to her home in Washington County, Mississippi. The child has remained with the appellees to this date over the protestations of the appellant.

On September 6, 1963, the mother filed a petition to modify the original decree of divorce in the Chancery Court of Washington County, naming as defendants therein the paternal grandparents and not the father of the child. It is argued by way of explanation that this was done because the father was given no custodial rights in the original decree. Prior to decision on this petition to modify, the appellant, on September 13, 1963, filed a petition to cite the appellees for contempt of court in their refusal to abide by the terms of the divorce decree. After a hearing on September 21, 1963, this petition was dismissed, whereupon the appellant amended the petition to modify so as to make the father a party defendant. The appellees resisted this amendment by motion to dismiss. A motion was also filed on behalf of the father under the provisions of Title 50, App. U.S.C.A., Sec. 521, a part of the Soldiers' and Sailors' Civil Relief Act, to either stay the proceedings, or, in the alternative, to grant time in which to plead. On October 24, 1963, the court overruled the motion to dismiss, granted the appellees ten days within which to plead, and granted the father ninety days in which to plead. Thereafter, on October 26, 1963, the appellees filed a demurrer to the petition to modify, and on November 8, 1963, appellant filed a motion for temporary custody of her child until the March 1964 term of court. The motion for temporary custody was dismissed on November 13, 1963, after legal argument by the attorneys, no evidence having been taken. The demurrer to the petition to modify was overruled by the court the following day.

Appellees filed their answer on December 6, 1963; the father answered and filed a cross-bill on January 3, 1964. This cross-bill contained an allegation of unfitness in such general and vague terms that a motion for a bill of particulars had to be filed in regard thereto. This motion was sustained on March 6, 1964, the father

being granted thirty days from that date to comply with the bill of particulars, and on the same date, pursuant to motion for a continuance of March 2, 1964, by the father under the Soldiers' and Sailors' Relief Act, the cause was continued to the July 1964 term of the court.

On March 16, 1964, the mother filed a petition for a writ of habeas corpus in the County Court of Washington County, seeking to regain custody of her child from an unauthorized withholding by the paternal grandparents and upon changed circumstances and conditions since the time of the divorce. The appellees responded by a motion to dismiss because of interference with the jurisdiction of the chancery court, and also a motion to dismiss for nonjoinder of the father, it being alleged in such motion that he is a necessary party to the suit. A stipulation was entered into by the parties to the effect that the appellees have been dismissed without prejudice from the suit brought by the mother in the chancery court to modify the divorce decree entered therein on July 11, 1962. Thus there is now pending a suit in the Chancery Court of Washington County between appellant here and her former husband, he being overseas in the service. A hearing was had on this writ of habeas corpus on March 25, 1964, which consisted of the introduction of the various chancery pleadings herein referred to, the testimony of the chancery clerk that the chancery cause was still pending, and argument of counsel as to the appellees' motion to dismiss. At the conclusion thereof, the court ruled that a hearing upon the habeas corpus proceeding would constitute interference with the jurisdiction of the chancery court and sustained the appellees' motion in this regard. The court did not rule upon the motion as to whether the father was a necessary party to the suit.

The questions to be determined here are (1) whether the court erred in sustaining the appellees' motion to dismiss the writ of habeas corpus as an interference

with the jurisdiction of the chancery court of the county; and (2) whether the father is a necessary party to this writ of habeas corpus.

We are of the first conviction and so hold that the county court erred in dismissing the habeas corpus proceeding as an interference with the jurisdiction of the chancery court.

The right of a complainant to take without prejudice a voluntary dismissal, said to have been an original right in equity, is now placed beyond all question by our statute. Sec. 1538, Miss. Code 1942; Griffith, Miss. Chancery Practice, 2d ed. 1950, Sec. 534. The appellant dismissed the defendants, appellees here, from the chancery suit to modify. The father is not a party to this suit. Thus the decision here is confined to a situation where a parent has invoked the aid of a court other than that which made the original custodial decree awarding her custody. The defendants were not parties to the divorce suit, being collateral relatives whose aid was doubtless enlisted by the court in an effort to promote the welfare of the child. This is the only claim of right they can project as to their custody of the child as against a natural parent of good moral character, reasonably able to provide for the child. Moore v. Christian, 56 Miss. 408; Bassett v. Sims, et al., 220 Miss. 210, 70 So. 2d 530. The appellees not being parties to the original suit, the rule announced in Neal, et al. v. Neal, 238 Miss. 572, 119 So. 2d 273, applies here and distinguishes this case from Hinman v. Craft, 204 Miss. 568, 37 So. 2d 770, relied upon by appellee. Neal, et al. v. Neal, supra, states, among other things, as follows:

"The general rule is well summarized in 25 Am. Jur., Habeas Corpus, Section 82: 'The decree rendered in a divorce suit, awarding custody of a child, must be recognized and given effect in a subsequent habeas corpus proceeding between the same parties, involving the right

to the custody of that child, but such decree is not absolutely controlling in the subsequent proceeding, since the court may disregard it upon proof of circumstances and disregard it upon proof of circumstances and conditions arising since the date of its rendition which shows that the party awarded custody thereby is unfit to exercise such right or has forfeited it. If, since the decree granting a divorce and awarding the custody of a child, the circumstances have changed, a habeas corpus court may award the custody to the other parent or to a stranger, if the welfare of the child demands it; and in the exercise of such discretion, the court may look to the circumstances relating to the child's ordinary comfort, contentment, and intellectual and moral development.'

■■■ ■ ''39 C.J.S., Habeas Corpus, Section 46, also recognizes the general rule as quoted above, namely, that habeas corpus may be maintained, notwithstanding a prior decree awarding custody of children, when the facts and circumstances have changed subsequent to that decree. A small minority of decisions hold otherwise. 39 C.J.S., p. 585, fn 52. Significant factors, in addition to changed circumstances, are the welfare of the child, the position and responsibility of the state as parens patriae, and the fact that the parties to the instant proceedings are not the same as in the divorce action. 39 C.J.S., p. 586, fn 57.

''This state has adopted the majority rule that in habeas corpus proceedings a prior decree of custody is not binding upon proof of circumstances and conditions arising since the date of its rendition, which show that the party awarded custody thereby is unfit to exercise such right or has forfeited it. The best interest and welfare of the child is the prime consideration. The decision here is confined to a situation where a parent has invoked the aid of a court other than that which

made the initial custodial decree awarding her custody, and the defendants were not parties to that decree. . . . .

"Hinman v. Craft, 204 Miss. 568, 37 So. 2d 770 (1948), upon which appellee also relies, is distinguishable and not controlling in this suit. There the defendant to the habeas corpus proceeding, father of the children, was along with the petitioner, the mother, the identical party to the original divorce and custodial decree. . . . .''

 The parties here are not identical to the original suit and to this writ of habeas corpus, even though the same child is involved in each suit. This distinguishes it from Hinman v. Craft, supra. The hearing of this petition for a writ of habeas corpus will not interfere with the jurisdiction of the chancery court.

 Since the case must be remanded for a hearing and so that it might not be further delayed, we address ourselves to the second contention of appellees, that the father is a necessary party to the habeas corpus proceeding. The father was awarded no custodial rights by the original divorce decree, and so he can lose no custodial rights in this suit. █ The general rule deducible from the authorities is that a proper and final adjudication on a habeas corpus hearing as to the custody of an infant conclusively determines all questions necessarily involved as to the same parties and upon the same facts. 25 Am. Jur., Habeas Corpus, Sec. 158; Campbell v. Campbell, 159 Miss. 708, 132 So. 324. █ The father is not a party to this suit, therefore, it cannot be res judicata as to him in a later action.

 █ The Soldiers' and Sailors' Relief Act also preserves to the father his rights as to the child, █ as does the law of this State, inasmuch as an action can always be brought for the promotion of the best interest of the child if the circumstances and conditions have materially changed since the former award. We hold, therefore, that the father is not a necessary party to this suit.

The appellees argue, however, that the future is fraught with legal difficulties in case this writ of habeas corpus is heard and the child is awarded to its mother. This may well be true as a possibility. It is difficult to imagine, however, how future legal difficulties on the part of the father could surmount those already encountered by the mother in an effort to obtain a hearing for the custody of her child. The court must pass upon that which is before it without unreasonable delay induced by apprehension of the future.

The cause is reversed and remanded to the County Court of Washington County for a timely hearing.

Reversed and remanded.

*Kyle, P. J., and Ethridge, Gillespie and Brady, JJ.,* concur.