217 So.2d 28 (1968)
Marvin Richard MIXON
v.
Frances Imogene BULLARD.
No. 45089.
Supreme Court of Mississippi.
December 16, 1968.
*29 Prewitt, Bullard, Braddock & Vance, Vicksburg, for appellant.
Lee Davis Thames, Vicksburg, for appellee.
INZER, Justice:
This is an appeal by Marvin Richard Mixon from a judgment of the Circuit Court of Warren County affirming an order of the County Court of Warren County which granted a writ of habeas corpus in a child custody matter. We affirm.
Appellant and appellee, Frances Imogene Bullard, were formerly husband and wife, and two children, Marvin Richard Mixon, Jr. age 13, and Kim Susanne Mixon, age 9, were born to their marriage. They were divorced by a decree of the Court of Record of Escambia County, Florida, rendered on April 19, 1965, and appellee was awarded the custody of the two children. She remarried on May 3, 1965. On December 13, 1965, the same court denied appellant's petition to modify the custody decree so as to award him the custody of the children. In January, 1966, appellee and her husband moved to the State of New York in order that her husband could obtain a better job. After appellant learned of this move he secured an order of the Florida court relieving him of paying support for the children. On May 8, 1966, while appellant was temporarily working in New York he secured permission from appellee to have the children visit him. He agreed to return the children the same day. Instead of returning the children he brought them to Vicksburg, where he was then making his home. On May 20, 1966, *30 appellee filed her petition for the writ of habeas corpus.
The trial court correctly held that appellant had failed to prove a material change of circumstances since the rendition of the December 13 Florida decree that would justify a refusal to grant the writ. The only change of circumstances shown to have occurred since the rendition of the decree is the change of residence from Florida to New York. The boy testified that he had been unable to make friends in his new surroundings and he had been referred to by some of his fellow students as a "Rebel, hick and a farmer." He expressed a desire to stay with appellant in Mississippi. Appellant is a boiler-maker and his work requires him to travel to some extent. He has made his home in Vicksburg several months prior to this hearing. The decree of the Florida court was res judicata as to all matters prior to its date of rendition. However, since the decree was subject to modification by the Florida court, the county court on the hearing for the writ of habeas corpus could inquire whether there had been a change of circumstances since the rendition of the Florida decree that would make it to the best interest of the children for the court to refuse to grant the writ. Talley v. Womack, 249 Miss. 773, 163 So.2d 742 (1964). However, it should be pointed out that where the custody decree is rendered by the chancery court of this state, that upon a hearing of a habeas corpus petition involving the right to the custody of the child or children between the same parties that the party awarded the custody in the chancery court will be awarded the custody unless it is shown that since the rendition of that decree circumstances and conditions have changed to the extent that the party awarded the custody is thereby unfit to exercise such right or has forfeited it. Hinman v. Craft, 204 Miss. 568, 37 So.2d 770 (1948); Neal v. Neal, 238 Miss. 572, 119 So.2d 273 (1960). In Neal, supra, and in Bradley v. Graham, 250 Miss. 244, 164 So.2d 772 (1964), we pointed out that there was a distinction between the rule announced in Hinman where the parties to the habeas corpus proceeding were not the same as those involved in the decree awarding the custody in the chancery court of this state. In a proceeding against third parties the court may inquire whether there has been a material change of circumstances, that would make it to the best interest of the children to refuse to grant the writ.
Appellant also urges that the county court abused its discretion when it refused to adhere to the election by the thirteen year old boy to remain in Mississippi in the custody of his father and in support of this contention relies upon Section 1263.5, Mississippi Code 1942 Annotated (Cum.Supp. 1966), which provides in part as follows:
Provided, however, that if the court shall find that both parties are fit and proper persons to have custody of the children of the marriage, and that either party is able to adequately provide for the care and maintenance of the children, and that it would be to the best interest and welfare of the children, then any such child who shall have reached his twelfth (12th) birthday shall have the privilege of choosing the parent with whom he shall live.
Assuming, but not deciding, that this section is applicable in a habeas corpus hearing it is not mandatory that the court accede to the desires of a thirteen year old boy. The trial court in considering the desire of this boy should have, and no doubt did, give consideration to his desire, but there are other factors to be considered in making a determination whether such desire is to his best interest and welfare. Here if the desire of the boy was adhered to it would mean the separation of the two children. The court should in all cases attempt, insofar as possible, to keep the children together in a family unit. It is well recognized that the love and affection of a brother and sister at the ages of these children *31 is important in the lives of both of them and to deprive them of the association ordinarily would not be to their best interest. The trial court did not abuse its discretion in refusing to grant the request of the child in this case.
We find no merit in the other errors assigned and for the reasons stated, this case is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and ROBERTSON, JJ., concur.