RODGERS, Justice.
Robert Dean Fulton, Sr., obtained a divorce from his wife, the appellee Johnnie Mae Fulton, in the Chancery Court of Washington County, Mississippi, on the 7th day of July 1964, upon the ground of adultery. He was awarded the permanent care of their two children. It became expedient for him to go to Detroit to obtain work, and he reached an understanding with his wife for the children to stay with her part of the time and with his mother part of the time. He sent money and clothing to his children while he was away. In the meantime both parties married again. Appellant’s second wife came to live in Mississippi. Appellee would not permit the children to go back to live with the appellant’s mother; whereupon appellant came to Mississippi and filed a petition in the Chancery Court requesting that the ap-pellee be held in contempt for failing to permit the children to live with appellant’s mother. The Chancellor denied this application by sustaining a demurrer to the original bill, and no appeal was taken from this decree.
Thereafter on the 1st day of March the appellant filed an application for a writ of habeas corpus in the Chancery Court, seeking to obtain the custody of the children. Petitioner attached a copy of the original divorce decree to the bill. The Chancellor denied the application for a writ of habeas corpus, apparently upon the ground that the prevailing circumstances had changed since the Court had awarded the custody of the children to the appellant, and it was in the best interest of the children to remain with their mother.
A motion was made in this Court to strike the transcript of the record in the *868 first proceedings, and since there was no appeal from the decree of the Chancery Court, the decree of January 4, 1968 is final. The motion to strike was therefore sustained on March 9, 1968.
The petition requesting a writ of habeas corpus is not a Chancery Court proceeding and should not have been filed in the original divorce case. A Habeas Corpus Court is a separate court and is to be distinguished from the Chancery Court or the Circuit Court. It is organized when a judge issues an order for a hearing on a writ of habeas corpus, returnable before himself or another judge. Miss.Code 1942 Ann. §§ 2818, 2822 (1956).
A hearing upon a writ of habeas corpus is not a part of a divorce proceeding, and this is true although the application for the writ is to determine whether or not children are being unlawfully held. Mitchell v. Powell, 253 Miss. 867, 179 So.2d 811 (1965). The decree in a divorce proceeding cannot be modified by an order granting a writ of habeas corpus. Talley v. Womack, 249 Miss. 773, 163 So.2d 742 (1964).
On the other hand, if the Judge or Chancellor refuses to grant a writ of ha-beas corpus, it may have the same effect as if the order fixing custody of children were modified, since the children are left in the custody of the respondent. However, since an order in a habeas corpus proceeding does not prevent an application to modify the divorce decree as to custody of children, a new application may be filed in the original divorce proceeding, or a petition may be filed under the proceedings set out in Mississippi Code 1942 Annotated section 1263.5 (Supp.1966). In any case, however, the applicant requesting the change of custody of children must show that there has been a change in circumstances and conditions surrounding the children, so that it is to the best interest of the children that their custody be changed to another person. Mitchell v. Powell, supra.
In the instant case it is apparent from the testimony that the children were not being wrongfully held by the- appellee, Johnnie Mae Fulton, because the appellant, Robert Dean Fulton, had made arrangements with her to take care of the children while he was away at work in Detroit, Michigan. Miss.Code 1942 Ann. § 2815 (1956).
The judgment of the trial court in the habeas corpus proceeding is, for the foregoing reasons, affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, BRADY and SMITH, JJ., concur.