INZER, Justice.
This is an appeal by Thomas Nance, Chief of Police of the City of Greenville, from an order of the Circuit Court of Washington County dismissing his appeal to that court from an order of a habéas corpus court convened in the County Court of Washington County. We affirm.
Appellee after having been convicted on a shoplifting charge in the Greenville City Court and sentenced to pay a fine and serve sixty days in the county jail filed a petition for a writ of habeas corpus which was granted by the judge of the County Court of Washington County. The habeas corpus proceeding was heard, and the court entered an order releasing appellee from custody for the reason that appellee had been denied his constitutional right to counsel in the city court. From this order, *890 an appeal was perfected to the Circuit Court of Washington County. Appellee filed a motion to dismiss the appeal on the ground that the circuit court had no jurisdiction to hear an appeal from a habeas corpus court proceeding heard in the county court. The circuit court held that it had no jurisdiction of the appeal and entered an order dismissing it. Hence, this appeal.
The only question to be decided is whether the circuit court has jurisdiction to hear an appeal from a habeas corpus proceeding heard in the county court. We hold that it does not.
An appeal in a habeas corpus proceeding is specifically provided for by Section 11-43-53, Mississippi Code 1972 Annotated, which reads as follows:
Any party aggrieved by the judgment on the trial of a habeas corpus, shall have an appeal to the supreme court. If any person held in service by this state, or by the United States, should be discharged by any judge in vacation, or any court, on habeas corpus, the attorney general or any district attorney, or any attorney duly authorized by the United States, may in like manner obtain an appeal to reverse the judgment by which such person was discharged.
Appellant urges that the word “may” in the latter part of the above quoted statute means that when the state appeals it may or may not take an appeal to the Supreme Court. It is argued that when this section is read in conjunction with Section 11 — 43— 55, which provides the procedure for an appeal on a judgment of habeas corpus, an appeal from such judgment in the county court can be taken in the same manner as any other appeal from the county court; that is, to the circuit court of that county. We find no merit in this contention.
Appellant overlooks the fact that we held in Fulton v. Fulton, 218 So.2d 866 (Miss.1969), that a habeas corpus court is a separate court and is to be distinguished from the chancery court, circuit court, or county court. It is organized when a judge issues an order for a hearing returnable before himself or another judge.
Furthermore, this Court rejected appellant’s contention in Cole v. Cole, 194 Miss. 292, 12 So.2d 435 (1943), wherein the Court stated:
The question has arisen whether the appeal should have been first to the circuit court. It has always been the policy of the laws of this State to furnish, as speedily as practicable, a remedy in ha-beas corpus. Often, however, hearings upon such applications have been delayed because of the absence of the circuit judge and the chancellor while holding their terms elsewhere in their districts. One of the purposes, therefore, in the establishment of county courts was in the opportunity thereby afforded to further the stated policy of the State, in that there would be provided a judicial officer possessing all the qualifications of a circuit judge or chancellor, and who would be available at all times in each of the larger counties of the State for service in habeas corpus cases.
Thus, it was that by Section 698, Code 1930, there was and is provided that “the county judge shall have power to issue writs, and to try matters, of habeas corpus on application to him therefor, or when made returnable before him by a superior judge.” The effect of this provision is the same as had Section 1917, Code 1930, expressly included the county judge, save perhaps, that he may not make the writ returnable before another judge, as to which we do not now decide, that question not here being before us.
When an application in habeas corpus has been made to a county judge, or has been made returnable before him, he acts not as a county court, but with all the power and authority of a circuit judge *891 or chancellor; wherefore, an appeal maybe taken to this Court under Section 15, Code 1930.
(194 Miss. at 295, 296, 12 So.2d at 426).
It is clear from a reading of the statute and the decisions of this Court that all appeals from a trial of a habeas corpus whether tried in circuit, chancery or county court must be to this Court. Therefore, the circuit court correctly held that it had no jurisdiction to hear an appeal from the habeas corpus court convened in the county court. For this reason, this case must be and is affirmed.
Affirmed.
GILLESPIE, C. J. RODGERS, P. J., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.