SOUTHWICK, P.J.,
for the Court:
¶ 1. Terra Jayco Holland appeals the order of the Yalobusha County Chancery Court awarding custody of her minor children to the children’s father, Wade Walker Holland, Jr. Mrs. Holland asserts that the chancellor’s order was manifestly erroneous and that the chancellor applied an erroneous legal standard. We find the assignment of error is without merit and affirm.
FACTS
¶ 2. Terra Jayco Holland and Wade Walker Holland, Jr., were married on August 24, 1990, in Arkansas. Two children were born to them, Wade Walker Holland, III, in 1991, and Dillon Bradley Holland in 1995. On June 17, 1998, Mr. Holland filed a complaint for divorce alleging habitual, cruel and inhumane treatment and adultery. Mrs. Holland answered and counterclaimed, alleging the same grounds. Both Mr. and Mrs. Holland sought custody of their minor children.
¶ 3. In an oral judgment, the chancellor granted a divorce to Mr. Holland on the grounds of habitual, cruel and inhumane treatment and granted primary custody of the children to Mr. Holland, with Mrs. Holland’s having extensive visitation rights. The chancellor also awarded child support in the amount of $50 monthly. Mrs. Holland appeals.
DISCUSSION
¶ 4. Mrs. Holland asserts that awarding primary custody to her former husband was manifestly erroneous and was the result of application of an erroneous legal standard.
*1272 ¶ 5. The standard of review in child custody cases is limited. Reversal occurs only if a chancellor is manifestly in error or applied an erroneous legal standard. Williams v. Williams, 656 So.2d 325, 330 (Miss.1995). It is for the chancellor to determine the credibility and weight of evidence. Chamblee v. Chamblee, 637 So.2d 850, 860 (Miss.1994).
¶ 6. In child custody cases the primary consideration is the best interest of the child. Sellers v. Sellers, 638 So.2d 481, 485 (Miss.1994). The supreme court has set forth a number of factors to be considered by the chancellor when weighing custody decisions:
The age of the child is ... but one factor to be considered. Age should carry no greater weight than other factors to be considered, such as: health, and sex of the child; a determination of the parent that has had the continuity of care prior to the separation; which has the best parenting skills and capacity to provide primary child care; the employment of the parent and responsibilities of that employment; physical and mental health and age of the parents; emotional ties of parent and child; moral fitness of parents; the home, school and community record of the child; the preference of the child at the age sufficient to express a preference by law; stability of home environment and employment of each parent, and other factors relevant to the parent-child relationship.
Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983).
¶ 7. Here the chancellor issued a lengthy oral opinion in which he addressed the Albright factors. The chancellor recognized that several of the factors are inapplicable here. In addition, the chancellor specifically stated that if he did not address a factor in the course of his opinion it was because it was either inapplicable or neither parent had an advantage over the other.
¶ 8. The chancellor determined that both parents had strong emotional ties to the children, but also that the employment of the parents were “a negative.” The chancellor found that moral fitness, home environment and the school record of the oldest child were in favor of the father. The youngest child is not yet in school, so this factor did not apply to him. The chancellor also found that because of the age of the youngest child that Mrs. Holland would be better suited to care for him. The remaining Albright factors were either not applicable or there was no advantage by either parent.
¶ 9. In granting custody of both children to Mr. Holland, the chancellor noted that “the court shall in all cases attempt insofar as possible, to keep the children together in a family unit.” Mixon v. Bullard, 217 So.2d 28, 30 (Miss.1968). In addition the chancellor granted Mrs. Holland extensive visitation rights and set forth a detailed visitation schedule.
¶ 10. The chancellor here correctly understood and reasonably applied the Al-bright factors. This Court gives great deference to the chancellor’s opportunity to view the witnesses and their demeanor. M.C.M.J. v. C.E.J., 715 So.2d 774, 777 (Miss.1998). The chancellor stated specific reasons as to why he awarded custody to Mr. Holland and the record clearly supports this award. There was no manifest error and the correct legal standard was applied.
¶ 11. THE JUDGMENT OF THE YA-LOBUSHA COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.